FILED
COURT OF APPEALS
DIVISION II

2013 APR 30 AM 8:35

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br>Respondent,<br><br>v.<br><br>RICARDO MARTINEZ-LEON,<br>Appellant. | No. 42824-5-II<br><br>PUBLISHED OPINION |

VAN DEREN, J. — Ricardo Martinez-Leon appeals the trial court's denial of his CrR 7.8 motion for relief from judgment or to withdraw his guilty plea. He asserts that the trial court erred by finding that his CrR 7.8 motion was time barred because the United States Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010) represented a significant change in the law under RCW 10.73.100(6), permitting him to collaterally attack his conviction beyond the one-year time limit set forth under RCW 10.73.090. Alternatively, Martinez-Leon asserts that the trial court erred by finding that his motion was not timely under the equitable tolling doctrine. We stayed this appeal pending a decision by the United States Supreme Court in *Chaidez v. United States*, ___ U.S. ___, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013). Because the *Chaidez* Court recently held that *Padilla* does not apply retroactively to cases that were final before the *Padilla* decision was issued, we lift the stay and hold that Martinez-Leon cannot satisfy the requirements of RCW 10.73.100(6)'s time bar

No. 42824-5-II

exception. And because Martinez-Leon cannot demonstrate that justice requires application of the equitable tolling doctrine to toll the one-year time limit set forth in RCW 10.73.090, we affirm the trial court's determination that his CrR 7.8 motion to withdraw his guilty plea was untimely.

## FACTS

On May 11, 2006, Martinez-Leon pleaded guilty to unlawful imprisonment—domestic violence and fourth degree assault—domestic violence. The State originally charged Martinez-Leon with first degree kidnapping—domestic violence, felony harassment—domestic violence, fourth degree assault—domestic violence, and interfering with reporting domestic violence—domestic violence. Martinez-Leon's signed statement on plea of guilty form provided the following provision, "If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Clerk's Papers (CP) at 6.

At Martinez-Leon's May 11, 2006, plea hearing, defense counsel indicated that Martinez-Leon wanted to plead guilty to fourth degree assault and wanted to enter an *Alford*[1] plea to the unlawful imprisonment charge. The trial court explained the consequences of pleading guilty. Martinez-Leon, through an interpreter, stated that he did not fully understand the consequences of his guilty plea but that he still wanted to plead guilty. The trial court told Martinez-Leon that he needed to fully understand the consequences of pleading guilty and continued to explain to him what rights he was giving up by entering a guilty plea. The trial court allowed defense

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

counsel to take a short recess to speak with Martinez-Leon to ensure that he understood the consequences of his plea.

When the plea hearing recommenced, the trial court again explained to Martinez-Leon the consequences of pleading guilty. The trial court reviewed the right to a jury trial, the right to have the State prove its charges against him, the right to present evidence, the elements of the crimes charged, the maximum sentence and the sentencing range, and the loss of the right to possess firearms. The trial court did not, however, discuss any potential immigration consequences resulting from Martinez-Leon's decision to plead guilty. The trial court determined that an interpreter read the guilty plea form in its entirety to Martinez-Leon, he understood the form, he did not have any questions, and that he had signed the form. The trial court accepted Martinez-Leon's guilty plea, finding that he entered the plea, "knowingly, intelligently and voluntarily, with a full understanding of its meaning and effect with a factual basis." CP at 44.

The trial court held a sentencing hearing on May 25, 2006. The trial court accepted the State's and defense counsel's agreed recommendation to sentence Martinez-Leon to two months of incarceration for his unlawful imprisonment conviction and to a suspended sentence of 365 days on his fourth degree assault conviction.

On June 27, 2011, Martinez-Leon filed a CrR 7.8 motion for relief from judgment or to withdraw his guilty pleas. In support of his motion, Martinez-Leon filed a sworn declaration from his trial attorney, in which his trial attorney stated that she had "a general discussion about immigration consequences" with Martinez-Leon and that she told him "that deportation was a possible consequence of a guilty plea particularly because the plea offer required a plea to a felony." CP at 69. Martinez-Leon's trial attorney also stated the following in her sworn declaration:

. . . I know we did not have any discussion about the fact that if [Martinez-Leon] received a sentence of 365 days on the assault charge that it would be considered an "aggravated felony" for immigration purposes and that he would definitely be deported.

. . . .

. . . I did not ask the judge at the time of sentencing for a sentence of less than 365 days, since I was not aware at the time that if the sentence were only for 364 days, the assault charge would not be considered an "aggravated felony" for immigration purposes.

CP at 69-70.

The Cowlitz County prosecuting attorney also provided the trial court with a sworn

declaration, which stated in part:

At the time of the plea, [Martinez-Leon] was previously convicted of Assault in the fourth degree (domestic violence) out of Cowlitz County in cause C85093 from 8/6/1995 and Forgery in the first degree in Clackamas County, Oregon, cause number OR 0003075J from 3/12/1998. Additionally, [Martinez-Leon] had a voluntary departure deportation proceeding on 12/05/1996 wherein he agreed to return to Mexico.

I am informed by Jeffery Chan, [Martinez-Leon's] deportation officer that [Immigration and Customs Enforcement (ICE)] was unaware of [Martinez-Leon's] prior criminal history when they filed for the current deportation proceedings. However, Mr. Chan indicates [Martinez-Leon's] prior 1996 assault might be a basis for adding a new charge and the Forgery is a basis for adding a new charge and i[s] most certainly considered a Crime of Moral Turpitude, constituting a grounds for deportation. Mr. Chan also indicates that at the time [Martinez-Leon] was allowed permanent residence he informed the agency he had no criminal history. When this was found to be untrue, [Martinez-Leon] filed a waiver indicating his forgery conviction was a crime involving moral turpitude.

CP at 89.

The trial court held a hearing on Martinez-Leon's CrR 7.8 motion and entered a written

order denying the motion. The trial court's written order concluded that Martinez-Leon's motion

was time-barred under CrR 7.8 and RCW 10.73.090. The trial court further concluded that the

requirement that an immigrant defendant be informed about the potential immigration

consequences of a guilty plea was not a significant change in law and that equitable tolling did

not apply. The trial court's written order also indicated that it may or may not have imposed a 364 day suspended sentence on the fourth degree assault conviction had defense counsel requested it at Martinez-Leon's sentencing hearing. Martinez-Leon appeals the trial court's order denying his CrR 7.8 motion for relief from judgment or to withdraw his guilty plea.

ANALYSIS

I. STANDARD OF REVIEW

We review a trial court's ruling on a CrR 7.8 motion for abuse of discretion. *State v. Martinez*, 161 Wn. App. 436, 440, 253 P.3d 445, *review denied*, 172 Wn.2d 1011 (2011). But when a trial court bases its otherwise discretionary decision solely on application of a court rule or statute, the issue is one of law that we review de novo. *State v. Dearbone*, 125 Wn.2d 173, 179, 883 P.2d 303 (1994).

CrR 4.2(f) provides that a trial court "shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." Where, as here, a criminal defendant moves to withdraw his guilty plea after judgment has been entered, CrR 7.8 governs. CrR 4.2(f). CrR 7.8(b)(5) provides that the trial court may relieve a party from a final judgment for "[a]ny other reason justifying relief from the operation of the judgment." CrR 7.8 motions are subject to the provisions of RCW 10.73.090 and RCW 10.73.100. CrR 7.8(b).

RCW 10.73.090 states in part:

(1) No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
(2) For the purposes of this section, "collateral attack" means any form of postconviction relief other than a direct appeal. "Collateral attack" includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to

vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment.

Martinez-Leon concedes that he filed his CrR 7.8 motion beyond the one-year time period set forth in RCW 10.73.090 but asserts that his motion was timely under RCW 10.73.100(6). RCW 10.73.100 provides in relevant part:

> The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
>
> . . . .
>
> (6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

Thus, to meet the exception set forth in RCW 10.73.100(6), Martinez-Leon must show a (1) "a significant change in the law," (2) "material to [his] conviction [or] sentence," (3) that applies retroactively. Because it is dispositive of the issue presented, we address only the retroactivity element of RCW 10.73.100(6).

II.    RETROACTIVITY

To meet RCW 10.73.100(6)'s requirements, Martinez-Leon must demonstrate that "sufficient reasons exist to require retroactive application" of *Padilla*. He cannot meet this burden. In *Chaidez*, the United State Supreme Court held that its decision in *Padilla* announced a "'new rule'" that did not apply retroactively to cases that were final before the *Padilla* decision was issued. 133 S. Ct. at 1107. "[A] person whose conviction is already final may not benefit from the [*Padilla*] decision in a habeas or similar proceeding." *Chaidez*, 133 S. Ct. at 1107. Martinez-Leon's conviction was final on May 25, 2006, well before the *Padilla* decision was

issued on March 31, 2010. RCW 10.73.090(3)(a). Accordingly, Martinez-Leon cannot avail himself of the *Padilla* decision and he fails to meet the requirements of RCW 10.73.100(6)'s exception to the one-year time bar to collaterally attack his conviction.

III.    EQUITABLE TOLLING

Next, Martinez-Leon asserts that even if *Padilla* does not apply retroactively to allow a collateral challenge to his conviction under RCW 10.73.100(6), the trial court erred by failing to toll the one-year time bar of RCW 10.73.090 under the equitable tolling doctrine. We disagree.

The equitable tolling doctrine "'permits a court to allow an action to proceed when justice requires it, even though a statutory time period has nominally elapsed.'" *In re Carlstad*, 150 Wn.2d 583, 593, 80 P.3d 587 (2003) (quoting *State v. Duvall*, 86 Wn. App. 871, 874, 940 P.2d 671 (1997)). However, "application of equitable tolling . . . must only be done in the narrowest of circumstances and where justice requires." *In re Pers. Restraint of Carter*, 172 Wn.2d 917, 929, 263 P.3d 1241 (2011). RCW 10.73.090 can be subject to equitable tolling in a proper case. *State v. Littlefair*, 112 Wn. App. 749, 759, 51 P.3d 116 (2002).

In *Littlefair*, the defendant, a resident alien, entered a guilty plea. 112 Wn. App. at 752. Littlefair's defense counsel did not inquire about Littlefair's immigration status and did not advise Littlefair about the potential immigration consequences of a guilty plea. *Littlefair*, 112 Wn. App. at 755. Littlefair's defense counsel also struck language on the guilty plea form stating that deportation was a possible consequence of entering a guilty plea. *Littlefair*, 112 Wn. App. at 752-54. Two years later, the INS notified Littlefair that it would seek to deport him because of his conviction. *Littlefair*, 112 Wn. App. at 755. Littlefair moved to withdraw his guilty plea on the basis that he would not have pled guilty had he known he would be subject to deportation. *Littlefair*, 112 Wn. App. at 755. This court concluded that it was appropriate to

7

apply equitable tolling to the unique circumstances of Littlefair's case, noting that Littlefair did not know about the deportation consequences of his guilty plea due to mistakes by his attorney, the trial court, and the INS. *Littlefair*, 112 Wn. App. at 762-63.

In contrast to the unique circumstances justifying equitable tolling in *Littlefair*, here Martinez-Leon's defense attorney was aware that Martinez-Leon was not a United States citizen and discussed the potential deportation consequences of entering a guilty plea with Martinez-Leon. And, unlike in *Littlefair*, Martinez-Leon signed a statement on plea of guilty that provided, "If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." CP at 6.

We hold that these circumstances do not warrant application of the equitable tolling doctrine to the time limit in RCW 10.73.090. Although Martinez-Leon's defense counsel did not specifically advise him that a 365-day sentence on his assault conviction would result in definite deportation under United States immigration laws, such an obligation was not required before *Padilla*, which does not apply retroactively to Martinez-Leon's conviction. Accordingly, we affirm the trial court's denial of Martinez-Leon's CrR 7.8 motion to withdraw his guilty plea.

VAN DEREN, J.

We concur:

QUINN-BRINTNALL, J.

WORSWICK, C.J.

8