IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,               )
                                   )     No. 69824-9-I
            Respondent,            )
                                   )
      v.                           )
                                   )
CARLOS A. QUINTERO CISNEROS,       )     UNPUBLISHED OPINION
                                   )
            Appellant.             )     FILED: May 12, 2014
                                   )
_____)

PER CURIAM — Carlos Cisneros appeals an order denying his motion to withdraw

his guilty plea to third degree assault of a child with sexual motivation. Citing Padilla v.

Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), he contends he

was entitled to withdraw his plea because his attorney failed to inform him that he would

be deported if he pleaded guilty. He concedes that his motion was filed beyond the one

year time limit on collateral attacks in RCW 10.73.100. He argues, however, that

Padilla constitutes a significant, retroactive change in the law, and therefore his motion

falls within an exception to the one year time bar. RCW 10.73.100(6). In support of the

latter proposition, Cisneros cites this court's decision in In re Personal Restraint of

Jagana, 170 Wn. App. 32, 282 P.3d 1153 (2012).

In Jagana, we held "there are sufficient reasons to apply Padilla retroactively."

170 Wn. App. at 56. But our State Supreme Court granted review of Jagana and

remanded "for reconsideration in light of <u>Chaidez v. United States</u>, ___ U.S. ___, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013). <u>Chaidez</u> held that <u>Padilla</u> does not apply retroactively and that "a person whose conviction is already final may not benefit from the [Padilla] decision in a habeas or similar proceeding." <u>Chaidez</u>, 133 S. Ct. at 1107. In light of <u>Chaidez</u>, this court dismissed Jagana's petition. Similarly, Division Two of this court recently dismissed a personal restraint petition as untimely under <u>Chaidez</u>. <u>State v. Martinez-Leon</u>, 174 Wn. App. 753, 760-61, 300 P.3d 481, <u>review denied</u>, 179 Wn.2d 1004 (2013) (time bar exception in RCW 10.73.100(6) requires showing that <u>Padilla</u> is retroactive; because <u>Chaidez</u> holds that it is not retroactive, Martinez-Leon's petition was time barred); <u>see also</u> <u>State v. Carney</u>, ___ Wn. App. ___, 314 P.3d 736, 744 (2013) (rejecting argument that RCW 10.73.100(6) is distinct from federal retroactivity analysis, stating that in "<u>In re Pers. Restraint of Haghighi</u>, 178 Wn.2d 435, 309 P.3d 459 (2013), the Washington Supreme Court reiterated that it has 'interpreted RCW 10.73.100 as a procedural rule that is entirely consistent with the federal retroactivity analysis. . . . Since <u>Teague</u> . . ., this court has consistently and repeatedly followed and applied the federal retroactivity analysis as established in Teague. <u>Haghighi</u>, 178 Wn.2d at 464" (alterations in original)).

Accordingly, because Cisneros's collateral attack on his guilty plea was filed more than one year after his conviction became final and before the decision in <u>Padilla</u>, and because <u>Padilla</u> is not retroactive, his motion is time barred and the superior court properly denied it.

No. 69824-9-I/3

Affirmed.

FOR THE COURT:

_____

_____

_____

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 MAY 12  AM 10: 30

3