FILED
COURT OF APPEALS
DIVISION II

2014 NOV 18 AM 10: 03

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43814-3-II |
| Appellant, | |
| v. | |
| BESS EDAWAYNE OVERMON, | UNPUBLISHED OPINION |
| Respondent. | |

JOHANSON, C.J. — The State appeals from a superior court order granting Bess Overmon's CrR 7.8 motion to withdraw her guilty plea for second degree theft. The State argues that Overmon's motion must be dismissed as time barred because her motion was filed beyond the one-year time limit, and the rule announced by the United States Supreme Court in *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), does not apply retroactively. We agree and hold that Overmon's CrR 7.8 motion is time barred under CrR 7.8 and RCW 10.73.090.[1] Accordingly, we reverse the order allowing Overmon's guilty plea withdrawal and remand to the trial court to reinstate Overmon's conviction.

---

[1] The State's remaining claims are immaterial because the time bar claim is dispositive.

## FACTS

In 2005, the State charged Overmon with first degree theft in Pierce County. At that time, Overmon was a lawful United States permanent resident. In 2006, Overmon pleaded guilty to second degree theft. During the plea hearing, Overmon answered affirmatively when the superior court asked whether she understood "that if you are not a citizen of the United States that entry of this plea would be grounds for deportation or denial of rights to enter the United States?" Clerk's Papers (CP) at 28-29.

Regarding potential adverse immigration consequences stemming from the plea, the superior court heard further from Overmon's attorney, who told the superior court that it was his understanding that

> [Overmon] has consulted with an immigration attorney and that shouldn't lead to problems with this charge for this amount of money, it's my understanding. I don't know what to say about that so I would have to go with the person who has expertise in that area regarding deportation.

CP at 31. The superior court accepted Overmon's plea.

In 2008, Overmon traveled to England to visit family members. Upon her return, authorities stopped Overmon at Sea-Tac Airport and she was told that she would not be permitted to remain in the United States as a result of her Pierce County theft conviction. Shortly thereafter, the United States initiated exclusion proceedings against Overmon. According to Overmon, she had not consulted an immigration attorney before her 2006 plea. In 2011, pursuant to CrR 7.8, Overmon moved to withdraw the plea on grounds that she received ineffective assistance of counsel because her attorney failed to fully inform her of the immigration consequences associated with a second theft conviction.

Notwithstanding the State's contention that CrR 7.8(c)(2) required the superior court to transfer Overmon's motion to this court for consideration as a personal restraint petition (PRP), the superior court held a fact-finding hearing. The State argued that Overmon's CrR 7.8 motion was time barred, but the superior court concluded that the United States Supreme Court's decision in *Padilla* controlled, permitting Overmon to collaterally attack her conviction beyond the one-year time limit set forth under RCW 10.73.090. The superior court ruled that Overmon was entitled to withdraw her plea. The State appeals.

## ANALYSIS

### TIME BAR

The State contends that reversal is required because Overmon's claim is time barred by CrR 7.8 and RCW 10.73.090 and because *Padilla* does not apply retroactively. We hold that Overmon's motion is time barred because the United States Supreme Court's decision in *Chaidez v. United States*, ___ U.S. ___, 133 S. Ct. 1103, 1113, 185 L. Ed. 2d 149 (2013), unequivocally states that *Padilla* is not intended to have retroactive effect.

### A. STANDARD OF REVIEW AND RULES OF LAW

We review a trial court's ruling on a CrR 7.8 motion for abuse of discretion. *State v. Martinez*, 161 Wn. App. 436, 440, 253 P.3d 445, *review denied*, 172 Wn.2d 1011 (2011). CrR 4.2(f) provides that a trial court "shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." Where, as here, a criminal defendant moves to withdraw her guilty plea after judgment has been entered, CrR 7.8 governs. CrR 7.8 motions are subject to the provisions of RCW 10.73.090 and .100. CrR 7.8(b). And CrR 7.8(c)(2) provides that a court shall transfer a motion filed by the defendant to

the Court of Appeals for consideration as a PRP unless the court determines that the motion is not barred by RCW 10.73.090 and either (1) the defendant has made a substantial showing that he or she is entitled to relief or (2) resolution of the motion requires a factual hearing.

RCW 10.73.090 states in part,

(1) No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
(2) For the purposes of this section, "collateral attack" means any form of postconviction relief other than a direct appeal. "Collateral attack" includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment.

Notwithstanding RCW 10.73.090, motions for collateral attack on a judgment and sentence in a criminal case may be made beyond the one-year time limit if one of the exceptions enumerated in RCW 10.73.100 applies. RCW 10.73.100 provides in relevant part,

The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:

. . . .

(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

### B. *PADILLA* NOT RETROACTIVE

The State contends that the trial court erred by holding a hearing to address Overmon's motion rather than transferring her motion to this court to be considered as a PRP. While the State is correct that Overmon's motion should have been transferred to this court, the trial court nonetheless held the hearing. Based apparently on unsettled questions of law at the time, including

4

the retroactive effect of *Padilla*, the trial court did reach the merits. Consistent with the trial court's ruling, Overmon now asserts that she should be entitled to avail herself of the rule announced by the United States Supreme Court in *Padilla* and that under *Padilla*, her motion is not time barred. We disagree with Overmon.

In *Padilla*, the United States Supreme Court concluded that "Padilla's counsel had an obligation to advise him that the offense to which he was pleading guilty would result in his removal from this country," and that the failure to advise him of the immigration consequences constituted deficient performance. 559 U.S. at 360. Then, the Supreme Court held in *Chaidez* that defendants whose convictions became final prior to *Padilla* in 2010 could not benefit from its holding. 133 S. Ct. at 1113. Thus, *Padilla* is not applied retroactively.

We have previously followed *Chaidez* in *State v. Martinez-Leon*, 174 Wn. App. 753, 300 P.3d 481, *review denied*, 179 Wn.2d 1004 (2013), a case factually similar to Overmon's. There, over five years after entry of his guilty plea, Martinez-Leon attempted to withdraw his plea, asserting that he had not been fully advised as to potential immigration consequences resulting from his decision. *Martinez-Leon*, 174 Wn. App. at 757. We upheld the superior court's denial of Martinez-Leon's CrR 7.8 motion holding that *Chaidez* foreclosed the possibility that Martinez-Leon could avail himself of the rule announced in *Padilla* and, therefore, the exception contained in RCW 10.73.100(6) did not apply and his collateral attack was time barred. *Martinez-Leon*, 174 Wn. App. at 760-61.

Here, Overmon filed her CrR 7.8 motion more than five years after her judgment became final, which was before *Padilla* was decided. Overmon attempts to distinguish *Chaidez* by asserting that *Chaidez* held that *Padilla* was intended only to apply to federal habeas petitions. But

No. 43814-3-II

the *Chaidez* court stated unequivocally that "a person whose conviction is already final may not benefit from the [*Padilla*] decision in a habeas *or similar proceeding*. 133 S. Ct. at 1107 (emphasis added).

Accordingly, because *Padilla* is not applied retroactively, the superior court abused its discretion in allowing Overmon to withdraw her guilty plea when it was time barred and, therefore, we reverse the order allowing Overmon's guilty plea withdrawal and remand to the trial court to reinstate her conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

BJORGEN, J.

MELNICK, J.