FILED
COURT OF APPEALS
DIVISION II

2015 APR 21 AM 9: 01

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44496-8-II |
| Respondent, | |
| v. | |
| JOSE LUIS CASTANEDA ORTIZ, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Jose Ortiz appeals the superior court's denial of his CrR 4.2(f) motion to withdraw his guilty plea to four drug-related counts. Ortiz argues he should be allowed to withdraw his guilty plea because the statement of defendant on plea of guilty misinformed him as to the sentence it could legally impose. Ortiz also argues, and the State concedes, that the superior court erroneously sentenced Ortiz above the statutory maximum on count II, possession of marijuana with intent to deliver. Because Ortiz was misinformed about a direct consequence of his plea, his term of community custody, we reverse and remand with instructions to allow Ortiz to withdraw his plea. Because the superior court erroneously sentenced Ortiz on count II, and in the event Ortiz chooses to not withdraw his plea, we reverse the sentence on count II and remand for resentencing consistent with this opinion.

FACTS

A.    *Charges*

The State charged Jose Ortiz with four counts: (I) possession of methamphetamine with intent to deliver,[1] (II) possession of marijuana with intent to deliver,[2] (III) possession of oxycodone with intent to deliver,[3] and (IV) possession of heroin.[4] The State charged 11 firearm sentencing enhancements, including 5 separate 36-month firearm enhancements on count I.[5] The State also charged two school bus route stop sentencing enhancements[6]: one on count I and one on count II.

B.    *Ortiz's Guilty Plea and Sentence*

Ortiz pleaded guilty to all four charged counts with the 11 firearm sentencing enhancements. As part of the plea deal, the State dropped the two school bus route stop enhancements. Dropping these enhancements prevented a doubling of the statutory maximum on counts I and II. *See* RCW 69.50.435(1).

Ortiz's statement of defendant said that the statutory maximum was 120 months for counts I, II, and III, but did not state the statutory maximum for count IV. The statement listed

---

[1] Former RCW 69.50.401 (2005); RCW 69.50.206(d)(2).

[2] Former RCW 69.50.401; former RCW 69.50.204(c)(14) (1993).

[3] Former RCW 69.50.401; RCW 69.50.206(b)(1)(xiv) (1993).

[4] Former RCW 69.50.4013 (2003); former RCW 69.50.204(b)(13).

[5] RCW 9.94A.533(3)(b).

[6] RCW 69.50.435(1)(c).

No. 44496-8-II

Ortiz's mandatory standard range sentences as 120 months for count I, 120 months for count II, 87-115 months for count III, and 6 months for count IV. The statement said that on each count, *in addition* to the confinement period, the superior court would sentence Ortiz to community custody of "9 to 12 months or up to the period of earned release, whichever is longer" unless the superior court found substantial and compelling reasons not to do so.

On August 2, 2011, the superior court accepted Ortiz's plea. During a colloquy, the superior court informed Ortiz that pursuant to the State's recommendation, count I would result in "120 months confinement . . . with 12 months of community custody to follow" and count II would result in "a total of 120 months, with 12 months of community supervision upon your release." Verbatim Report of Proceedings at 1012. Following the colloquy, the superior court accepted Ortiz's plea to all four counts.

The superior court sentenced Ortiz on August 26, 2011. The superior court imposed standard range sentences of 120 months on count I, 120 months on count II, 104 months on count III, and 6 months on count IV. The superior court then imposed 12 months of community custody on each of counts I–III, but added a notation to the sentence that "under no circumstances shall the total term of confinement plus the term of community custody actually served exceed the statutory maximum for each offense." Clerk's Papers at 68. Final judgment was entered in August of 2011.

C.     *2012 Interpretation of RCW 9.94A.701(9)*

The superior court's imposition of community custody followed the law as it stood prior to July 26, 2009. *See In Re Pers. Restraint of Brooks*, 166 Wn.2d 664, 672-73, 211 P.3d 1023 (2009). Prior to July 26, 2009, a superior court could impose a standard range sentence of

3

confinement and community custody that *when combined* exceeded the offense's statutory maximum, as long as the sentence included a *Brooks* notation directing that the confinement *actually served* and community custody, combined, could not exceed the offense's statutory maximum. 166 Wn.2d at 672-73.

But on July 26, 2009, the legislature enacted RCW 9.94A.701(9),[7] which explicitly required the superior court to reduce the term of community custody if "an offender's standard range term of confinement in combination with the term of community custody exceed[ed] the statutory maximum for the crime."

In May of 2012, our Supreme Court decided *State v. Boyd*, 174 Wn.2d 470, 275 P.3d 321 (2012). In *Boyd*, the Court held that for all standard range sentences imposed after RCW 9.94A.701(9)'s effective date, the superior court could not impose a standard range sentence of confinement and community custody that *when combined* exceeded the offense's statutory maximum, even if the sentence included a *Brooks* notation. 174 Wn.2d at 473.

D.     *Ortiz's Pro Se Motion Challenging Sentence and Plea*

In July of 2012, Ortiz filed a pro se motion in the superior court to withdraw his guilty plea under CrR 4.2(f)[8] (for manifest injustice) and made many arguments, two of which are germane to this appeal.

---

[7] This provision was enacted as RCW 9.94A.701(8) in 2009 and was recodified at RCW 9.94A.701(9) in 2010. *State v. Chouap*, 170 Wn. App. 114, 127 n.3, 285 P.3d 138 (2012).

[8] CrR 4.2(f) states in part: "The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice. . . . If the motion for withdrawal is made after judgment, it shall be governed by CrR 7.8."

First, Ortiz argued that the imposition of community custody on each of counts I-III, when combined with the confinement ordered by the superior court, exceeded the statutory maximums on counts I-III in violation of RCW 9.94A.701(9). Ortiz requested that the superior court remedy this error by maintaining the community custody provision on each count, and decreasing the amount of confinement to bring his sentences below the statutory maximums.

Second, Ortiz argued that the statement of defendant falsely informed him that the superior court could sentence him to community custody on counts I-III that, when combined with the confinement, exceeded the statutory maximums on counts I-III. Ortiz requested the superior court remedy this error by allowing him to choose between demanding specific performance of the plea agreement or withdrawing his plea.

The State responded to Ortiz's motion by filing a CrR 7.8(a) motion to modify Ortiz's sentence by removing the 12 months of community custody on counts I-III. In January of 2013, the superior court granted the State's motion by removing the 12 months of community custody on counts I-III while upholding the remainder of Ortiz's sentence.

The superior court held a hearing on the remainder of Ortiz's motion. At the end of the hearing, the superior court denied Ortiz's motion, ruling that Ortiz had failed to show a manifest injustice under CrR 4.2. Ortiz appeals the trial court's order denying his motion under CrR 4.2.

After the parties filed briefing in this case, we discovered that the superior court may have erroneously sentenced Ortiz beyond the statutory maximum on count II. Accordingly, we requested, and the parties filed, supplemental briefing.

ANALYSIS

## I. PROPER COURT RULE AND STANDARD OF REVIEW

At the superior court, Ortiz moved to withdraw his plea under CrR 4.2(f) for a manifest injustice. On appeal, Ortiz argues we should consider the appeal of his CrR 4.2(f) motion under CrR 4.2(f). The State argues we should consider Ortiz's appeal under CrR 7.8(b) and not under CrR 4.2(f). We agree with the State.

Under CrR 4.2(f), the superior court "shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." But motions to withdraw a plea made after the judgment and sentence have been entered are not governed by CrR 4.2(f) but rather "shall be governed by CrR 7.8." CrR 4.2(f); *see State v. Lamb*, 175 Wn.2d 121, 128, 285 P.3d 27 (2012). Meeting only CrR 4.2(f)'s manifest injustice standard is insufficient when considering a postjudgment motion to withdraw a plea. 175 Wn.2d at 129. Thus, the proper inquiry for this court is whether Ortiz's assignments of error present grounds to withdraw a plea under CrR 7.8(b). *See State v. Martinez-Leon*, 174 Wn. App. 753, 759, 300 P.3d 481, *review denied*, 179 Wn.2d 1004 (2013). We address Ortiz's arguments under CrR 7.8(b).

Under CrR 7.8(b), a defendant may withdraw a plea based on proof of:

> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;
> (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.5;
> (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) The judgment is void; or
> (5) Any other reason justifying relief from the operation of the judgment.

No. 44496-8-II

This court ordinarily reviews a superior court's denial of a CrR 7.8(b) motion for relief from judgment for abuse of discretion. *Martinez-Leon*, 174 Wn. App. at 759. A superior court abuses its discretion when it adopts a view that no reasonable person would take, applies the wrong legal standard, or relies on unsupported facts. *Salas v. Hi-Tech Erectors*, 168 Wn.2d 664, 668-69, 230 P.3d 583 (2010). But when the superior court bases an otherwise discretionary decision solely on application of the law to particular facts, the issue is one of law, which this court reviews de novo. *Martinez-Leon*, 174 Wn. App. at 759.

## II. MISINFORMATION IN THE STATEMENT OF DEFENDANT

Ortiz argues we should allow him to withdraw his plea due to the misinformation in the statement of defendant. We agree.[9]

Under due process, a defendant's plea must be knowing, intelligent, and voluntary. *State v. Mendoza*, 157 Wn.2d 582, 587, 141 P.3d 49 (2006). A guilty plea is involuntary whenever it is "based on misinformation regarding a direct consequence of the plea, regardless of whether the actual sentencing range is lower or higher than anticipated." 157 Wn.2d at 591. Mandatory community custody is a direct consequence of a plea. 157 Wn.2d at 588. Where a plea agreement is based on misinformation, the defendant generally may choose specific performance of the agreement or withdrawal of the guilty plea. *State v. Walsh*, 143 Wn.2d 1, 8-9, 17 P.3d 591 (2001).

The statement of defendant on plea of guilty told Ortiz he would be sentenced to 9-12 months of community custody in addition to the statutory maximum, when such a sentence

---

[9] The State argues that Ortiz waived this argument by failing to raise it at the hearing on his motion to withdraw his guilty plea. We hold Ortiz sufficiently raised this issue in his motion to withdraw his guilty plea for us to consider it.

violated RCW 9.94A.701(9). *See Boyd*, 174 Wn.2d at 472-73. In addition, the trial court told Ortiz that he would be sentenced to community custody in addition to the statutory maximum. This misinformed Ortiz about community custody, which is a direct consequence of his plea. *Mendoza*, 157 Wn.2d at 587. The punishment Ortiz would receive under the correct statutory maximum, 120 months of confinement, is less than what he would receive under the erroneous sentencing information: 120 months confinement plus 9-12 months of community custody.[10] Thus, we hold that misinformation regarding community custody warrants providing Ortiz the choice to withdraw his plea.

### III. ERRONEOUS SENTENCE ON COUNT II

Ortiz argues, and the State concedes, that by sentencing Ortiz to 120 months of confinement on count II, the superior court erroneously exceeded that offense's statutory maximum. We accept the State's concession.

Whether a sentencing court has exceeded its statutory authority is a question of law we review de novo. *State v. Mann*, 146 Wn. App. 349, 357, 189 P.3d 843 (2008). A challenge to a sentence may be raised for the first time on appeal, and we have the duty and power to correct an erroneous sentence upon its discovery. *State v. Julian*, 102 Wn. App. 296, 304, 9 P.3d 851 (2000).

---

[10] The State argues that this did not qualify as misinformation because Ortiz's 2011 plea correctly informed Ortiz of the law as it stood *at that time*, prior to our Supreme Court's 2012 holding in *Boyd* that Ortiz's sentence violated RCW 9.94A.701(9). But Ortiz pleaded guilty in 2011, and *Boyd*'s holding interprets a statutory requirement that has applied to all sentences imposed after RCW 9.94A.701(9)'s 2009 enactment. *See Boyd*, 174 Wn.2d at 472-73. The State's argument fails.

No. 44496-8-II

As discussed above, possession with intent to deliver marijuana has a statutory maximum of 60 months of confinement. Because the superior court sentenced Ortiz to 120 months for this offense, it exceeded the offense's statutory maximum. Thus, we reverse Ortiz's sentence.

We reverse the superior court's denial of Ortiz's motion and remand with instructions for the superior court to provide Ortiz with an opportunity to choose whether to withdraw his plea.[11] We also reverse Ortiz's sentence on count II and remand for resentencing on that count.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Melnick, J.

_____
Sutton, J.

---

[11] Ortiz argues his plea was involuntary because the State coerced him into pleading guilty by promising to give Ortiz's son early release in exchange for Ortiz's guilty plea. Because we hold that Ortiz may withdraw his plea due to misinformation, we do not consider this argument.