# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of<br>the Personal Restraint Petition of<br><br>JUAN L. GARCIA,<br><br>                                Petitioner. | No. 44367-8-II<br><br><br><br><br>UNPUBLISHED OPINION |

JOHANSON, P.J. — Juan Garcia seeks relief from personal restraint imposed following his 1993 pleas of guilty to two counts of unlawful delivery of cocaine.[1] He argues that he received ineffective assistance of counsel because his counsel misadvised him regarding the immigration consequences of his guilty plea. A year after pleading guilty, Garcia learned that the convictions rendered him deportable. Thus, he contends that he received ineffective counsel under *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). And he contends that his petition is exempt from the one-year time bar under RCW 10.73.100(6). On November 6, 2013, we issued an order dismissing Garcia's petition as time barred, concluding that the exemption under RCW 10.73.100(6) did not apply to a personal restraint petition claiming ineffective assistance under *Padilla* because "the *Chaidez* [*v. United States*, __ U.S. __, 133 S. Ct. 1103, 1107-08, 185 L. Ed. 2d

---

[1] Garcia filed a motion to withdraw his guilty pleas in the trial court. That court transferred his motion to us to be considered as a personal restraint petition. CrR 7.8(c)(2).

149 (2013),] Court recently held that *Padilla* does not apply retroactively to cases that were final before the *Padilla* decision." *State v. Martinez-Leon*, 174 Wn. App. 753, 755, 300 P.3d 481 (2013). On February 10, 2016, the Washington State Supreme Court granted Garcia's discretionary review motion and remanded his petition for consideration under *In re Personal Restraint of Yung-Cheng Tsai*, 183 Wn.2d 91, 351 P.3d 138 (2015).

On March 23, 2016, Garcia and the State filed a joint motion for an order granting Garcia's petition on grounds that under *Yung-Cheng Tsai*, his petition is not time barred and, under *Padilla*, he is entitled to relief. Accordingly, Garcia's personal restraint petition is granted. His convictions are vacated and this matter is remanded to the trial court for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

LEE, J.

MELNICK, J.