IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 78767-5-I |
| Petitioner, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| BRUCE HAROLD NEMETH, | |
| Respondent. | FILED: February 3, 2020 |

CHUN, J. — Bruce Nemeth, a Canadian citizen, pleaded guilty to obstructing a public servant in 1998. Nemeth entered his plea unrepresented by counsel. Nearly two decades later, in 2017, Nemeth moved to withdraw his plea, claiming that he entered it without knowledge that it could lead to his deportation. The district court denied Nemeth's motion. The superior court, however, then granted the motion on a RALJ appeal. The State now appeals. For the reasons discussed herein, we reverse the superior court's decision.

## I. BACKGROUND

Nemeth is a Canadian citizen living in the United States. In 1998, Nemeth pleaded guilty in district court to obstructing a public servant. Nemeth entered the plea unrepresented by counsel. Nemeth claims the judicial officer who accepted his plea did not inform him that his offense could result in his deportation. The docket for his conviction lacks any specific reference to him being informed of the immigration consequences of his plea.

Nemeth says that after the 2016 United States presidential election, he began to fear his conviction could serve as a possible basis for his deportation. Thus, in 2017, Nemeth sought to withdraw his guilty plea on the ground that he was not informed of its immigration consequences. Nemeth filed a motion to withdraw his guilty plea in district court, which the court commissioner denied. Nemeth filed a second motion to withdraw his guilty plea, supported by a declaration claiming that he did not know the possible immigration consequences of his plea at the time he entered it, and claiming that his plea constituted a violation of the United States Supreme Court's holding in Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). The district court commissioner treated the second motion as a motion to reconsider, and denied it. Nemeth appealed to the superior court.

At the RALJ hearing, the superior court indicated that Nemeth's declaration, plus the lack of any mention of immigration consequences in the 1998 docket, persuaded it that the court commissioner had not originally informed Nemeth of the possible immigration consequences of his plea. But the superior court ordered a reference hearing in the district court and requested findings of fact. Notably, the superior court said that it would not "restrict the nature of the reference hearing."

Nemeth presented the only evidence at the reference hearing—his testimony, which the district court found lacked credibility. The district court again denied Nemeth's motion.

2

When the parties appeared before the superior court again, it adhered to its previous position that Nemeth had not been informed of the possible immigration consequences of the plea, since the State had provided no evidence to rebut Nemeth's assertion that he had not received immigration warnings from the court.

The superior court concluded that Nemeth's motion to vacate was not time barred and determined that, because the 1998 district court commissioner did not inform him of the possible immigration consequences of his plea, the plea was not intelligently made as required by the federal and state constitutions. Thus, the superior court granted Nemeth's motion. The State appeals.

## II. ANALYSIS

The State argues that the superior court erred in (1) concluding that a legal basis exists for Nemeth's motion to withdraw his plea, (2) determining that the motion was timely, and (3) ignoring the district court's credibility findings. Nemeth disagrees on all counts. Assuming, without deciding, that the superior court did not err on the first and second issues, we conclude that the superior court erroneously disregarded the district court's credibility finding.

We review a ruling on a motion to withdraw a guilty plea for abuse of discretion. State v. Martinez-Leon, 174 Wn. App. 753, 759, 300 P.3d 481 (2013). A trial court abuses its discretion when its decision runs contrary to law. State v. Kassner, 5 Wn. App. 2d 536, 539, 427 P.3d 659 (2018).

A petitioner bears the burden of proving, by a preponderance of the evidence, the issues in a reference hearing. In re Pers. Restraint of Gentry, 137

3

Wn.2d 378, 410, 972 P.2d 1250 (1999). Credibility determinations are left to the finder of fact and are unreviewable on appeal. Gentry, 137 Wn.2d at 410–11.

Following oral argument on RALJ appeal, the superior court ordered a reference hearing, and requested that the district court enter findings of fact. The superior court further said that it would not "restrict the nature of the reference hearing."[1] Because the superior court did not limit the scope of the hearing, the district court was free to enter a determination as to Nemeth's credibility.

Nemeth testified at the reference hearing. Thereafter, the district court found that Nemeth lacked credibility, gave no weight to his testimony, said that it could therefore not make any findings of fact, and concluded that he had failed to meet his burden. The district court's credibility determination is unreviewable. See Gentry, 137 Wn.2d at 411. The only evidence in the reference hearing was Nemeth's testimony. Thus, he failed to meet his burden of proving the issues at the hearing.

Reversed.

WE CONCUR:

_____       _____
Chun, J.

_____       _____
Appelwick, J.

---

[1] In an addendum to its order on RALJ, the superior court indicated that it had previously ordered the district court to conduct a reference hearing solely for the purpose of "allow[ing] the State to establish that [the 1998 court commissioner] had advised [] Nemeth of the immigration consequences" of his plea. However, the court's prior oral ruling clearly indicated that it was not limiting the scope of the hearing.