[No. 86709-7.    En Banc.]
Considered April 26, 2012.    Decided May 3, 2012.

THE STATE OF WASHINGTON, *Respondent*, v. JOSHUA ELIAS BOYD, *Petitioner*.

*Valerie Marushige*, for petitioner.

*Mark E. Lindquist, Prosecuting Attorney*, and *Kathleen Proctor* and *Thomas C. Roberts, Deputies*, for respondent.

¶1 PER CURIAM — Joshua Boyd was convicted of violating a protection order and was sentenced to terms of confinement and community custody that together exceeded the 60-month statutory maximum for the offense. The court included a notation on the judgment and sentence stating that the total term of confinement and community custody could not exceed the statutory maximum. The Court of Appeals affirmed, holding that the notation was sufficient under *In re Personal Restraint of Brooks*, 166 Wn.2d 664, 211 P.3d 1023 (2009). Boyd filed a petition for review. We grant review in part and remand for resentencing or amendment of the community custody term.[1]

¶2 Boyd was charged with various crimes, including first degree attempted murder and violation of a protection order, after he attacked and stabbed Tasha Mitchell, the subject of the protection order and the mother of Boyd's

---

[1] Boyd also sought review of whether there was sufficient evidence of premeditation to support his first degree attempted murder conviction. We deny review of that issue.

children. A jury convicted Boyd as charged, and the court sentenced him on November 6, 2009. For the protection order violation, the court sentenced Boyd to 54 months of confinement and 12 months of community custody, but it noted on the judgment and sentence that the total term of confinement and community custody actually served could not exceed the 60-month statutory maximum.

¶3 The Court of Appeals affirmed in an unpublished opinion, holding in part that the trial court's note on the total term of confinement and community custody was sufficient under *Brooks*. *State v. Boyd*, noted at 164 Wn. App. 1014 (2011). In *Brooks*, this court held that when the trial court imposes an aggregate term of confinement and community custody that potentially exceeds the statutory maximum, it must include a notation clarifying that the total term of confinement and community custody actually served may not exceed the statutory maximum. *Brooks*, 166 Wn.2d at 674. But in *Brooks* we also noted the then-recent passage of RCW 9.94A.701(9) and indicated that once the statute became effective, it would likely supersede our decision in that case. *Id.* at 672 n.4.

¶4 Under RCW 9.94A.701(9),[2] first enacted in 2009, the community custody term specified by RCW 9.94A.701 "shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime." As this court explained in *State v. Franklin*, 172 Wn.2d 831, 839, 263 P.3d 585 (2011), following the enactment of this statute, the *"Brooks* notation" procedure no longer complies with statutory requirements. We held there that RCW 9.94A.701(9) applies retroactively, but for those sentenced before the enactment of the statute (as was the case in *Franklin*), it is the responsibility of the Department of Corrections to reduce the term of community custody to bring the total term within the statutory maxi-

---

[2] This subsection was originally codified as RCW 9.94A.701(8). It was renumbered to subsection (9) in 2010. LAWS OF 2010, ch. 224, § 5.

mum. *Franklin*, 172 Wn.2d at 839-41. Thus, we held that remand for resentencing was not necessary in that case. *See id.* at 840 (directive that court reduce term of community custody to avoid sentence in excess of statutory maximum applies only when court first imposes sentence).

■ ¶5 Unlike the defendant in *Franklin*, Boyd was sentenced after RCW 9.94A.701(9) became effective on July 26, 2009. *See* LAWS OF 2009, ch. 375, § 5. Thus, the trial court, not the Department of Corrections, was required to reduce Boyd's term of community custody to avoid a sentence in excess of the statutory maximum. The trial court here erred in imposing a total term of confinement and community custody in excess of the statutory maximum, notwithstanding the *Brooks* notation.

¶6 We reverse the Court of Appeals and remand to the trial court to either amend the community custody term or resentence Boyd on the protection order violation conviction consistent with RCW 9.94A.701(9).