# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: )<br>)<br>) | No. 69975-0-I |
| DENNIS AVERY REAMES, )<br>) | DIVISION ONE |
| Petitioner. )<br>) | UNPUBLISHED OPINION |
| )<br>) | FILED: DEC 1 6 2013 |

PER CURIAM. Dennis Reames challenges his judgment and sentence in Whatcom County Superior Court No. 08-1-00712-2,[1] claiming his term of confinement in combination with his term community custody exceeds the applicable statutory maximum.[2] The trial court imposed the standard range statutory maximum on one count of conspiracy to commit first degree rape of a child, a class B felony with a statutory maximum of 120 months, and one count of third degree child molestation, a class C felony with a statutory maximum of 60 months, to be served consecutively, for a total of 180 months. The court also imposed a community custody term for any period

---

[1] Reames originally filed a motion to modify his judgment and sentence in the superior court, which transferred the matter to this court for consideration as a personal restraint petition under CrR 7.8(c)(2).

[2] Reames also claims that the Whatcom County Jail failed to credit him with good time at the proper rate. The State has responded with a memorandum addressed to Reames from a Whatcom County Sheriff's deputy indicating that the previous jail certification was erroneously based on a 10% credit rate and that a new certification reflecting the proper rate of one third has been completed and sent to the Department of Corrections. Reames did not dispute these circumstances in his reply. Because it appears Reames has received the relief he requested with regard to jail credit, this claim is now moot. See In re Pers. Restraint of Cross, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983) (a claim is moot if the court can provide no effective relief).

of time Reames was released from confinement before the expiration of his maximum sentence or the period of earned early release, whichever would be longer.

We accept the State's concession that the trial court exceeded its authority in sentencing Reames to a term of community custody in addition to a standard range term of confinement of 180 months for the two convictions. See RCW 9.94A.701(9). Because Reames was sentenced in January 2010, the trial court, not Department of Corrections, has the obligation to reduce the term of community custody to avoid a sentence in excess of the statutory maximum. State v. Boyd, 174 Wn.2d 470, 275 P.3d 321 (2012); see also State v. Winborne, 167 Wn. App. 320, 329, 273 P.3d 454, review denied, 174 Wn.2d 1019 (2012). Accordingly, we remand to the trial court to amend the community custody term consistent with RCW 9.94A.701(9) to zero. See Boyd, 174 Wn.2d at 473.

Remanded.

For the court: