FILED
COURT OF APPEALS
DIVISION II

2014 JAN 22 AM 9: 18

STATE OF WASHINGTON

BY

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43622-1-II |
| Respondent, | |
| v. | |
| CHHANTARN REAL, | UNPUBLISHED OPINION |
| Appellant. | |

Chhantarn Real appeals the trial court's sentence following his guilty plea for two counts of first degree attempted robbery and two counts of second degree assault. The State concedes that Real's sentence exceeds the statutory maximum. We accept the State's concession, reverse the trial court's sentence, and remand for imposition of a proper sentence that does not exceed 120 months.

In addition to confinement, the trial court may sentence a defendant to community custody for 18 months for a non-serious violent offense. RCW 9.94A.701. The length of the combined confinement and community custody sentences, however, cannot exceed the statutory maximum. *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012); RCW 9.94A.701(9). For an individual with Real's offender score, the statutory maximum sentence for attempted robbery, a class B felony, is 120 months. RCW 9A.20.021(1)(b); RCW 9A.56.200(2); RCW 9A.28.020(3)(b). Following Real's plea, the trial court sentenced him to 120 months of confinement and 18 months of community custody, totaling 138 months.[1] When a defendant's sentence exceeds the statutory maximum, the trial court is required to reduce the term of

---

[1] The trial court sentenced Real to 120 months of confinement for each count of attempted robbery and 84 months of confinement for each count of assault with time for all counts to run concurrently.

community custody to comply with the statutory maximum. RCW 9.94A.701(9); *Boyd*, 174 Wn.2d at 473.

We accept the State's concession, reverse the trial court's sentence, and remand for imposition of a proper sentence that does not exceed 120 months.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

_____
Penoyar, J.

We concur:

_____
Johanson, A.C.J.

_____
Bjorgen, J.