FILED
COURT OF APPEALS
DIVISION II

2015 MAY -5 AM 9: 28

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of | No. 46493-4-II |
| JD JONES BARTON, | |
| Petitioner. | UNPUBLISHED OPINION |

WORSWICK, P.J. — JD Jones Barton seeks relief from personal restraint imposed following his 2013 pleas of guilty to two counts of second degree assault and one count of first degree unlawful possession of a firearm.[1] He argues that (1) the jail's certification of his jail time is inaccurate because it did not include the time between his arrest, April 21, 2008, and his arraignment, June 24, 2008; (2) the Department of Corrections (DOC) has incorrectly calculated his sentence because it did not give him jail time and good time credits for that period; (3) the State

---

[1] Barton originally pleaded guilty in 2008. We remanded his judgment and sentence to the trial court because its 180-month sentence exceeded the statutory maximum sentence. He was resentenced in 2011 to a 156-month sentence. We remanded that sentence to the trial court because his trial counsel misadvised him as to the sentencing consequences of his plea. He withdrew his 2008 pleas of guilty but then pleaded guilty again in 2013 and again received a 156-month sentence, to be followed by an 18-month term of community custody. He later filed a motion to withdraw his 2013 pleas in the trial court. That court transferred his motion to this court for consideration as a personal restraint petition under CrR 7.8(c)(2).

breached the plea agreement by not correctly calculating his sentence; (4) the failure to credit that jail time and good time will cause him to serve more than the statutory maximum sentence for his crimes; (5) he is entitled to restoration of earned early release credits that he lost while serving his 2008 and 2011 judgments and sentences; and (6) the imposition of a term of community custody causes his sentence to exceed the statutory maximum sentence for his crimes.

As to issues (1) through (4), Barton has not shown that he is entitled to jail time credits or good time credits against his 2013 judgment and sentence for the period from April 21, 2008 to June 24, 2008. He served that period in jail as a sanction for violations of his conditions of community custody imposed following an earlier conviction. He received credit for that jail time and good time against that sanction. RCW 9.94A.505(6) provides that credits for presentence jail time can be made only against a judgment and sentence if the offender was in jail "solely in regard to the offense for which the offender is being sentenced." Barton did not serve the April to June period in jail solely for the offenses to which he pleaded guilty in 2013. Therefore, he is not entitled to credits for that period against both his 2008 sanction and his 2013 judgment and sentence. *In re Pers. Restraint of Costello*, 131 Wn. App. 828, 833, 129 P.3d 827 (2006). The jail did not err in its certification, DOC did not err in calculating his sentence, the State did not breach the plea agreement, and Barton will not be forced to serve more than the statutory maximum sentence for his crimes.

As to issue (5), Barton fails to show that he has any right to the restoration of previously lost earned early release credits. DOC has the authority to administer the earned early release credit system, RCW 9.94A.729(1)(a), and requiring restoration of previously lost earned early release credit on account of a new judgment and sentence would interfere with the disciplinary

2

No. 46493-4-II

purpose of the earned early release credit system. *In re Pers. Restraint of Williams*, 121 Wn.2d 655, 661-62, 853 P.2d 444 (1993).

As to issue (6), the State concedes that because the trial court imposed the statutory maximum sentence of 156 months of confinement (120 months for the crimes and 36 months for the firearm enhancements), the trial court erred in also imposing a term of community custody because that term would cause Barton to serve more than the statutory maximum sentence. *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). We accept the State's concession.

We grant Barton's petition in part and remand his 2013 judgment and sentence to the trial court for correction by deletion of the term of community custody. In all other respects, we deny Barton's petition and deny his request for monetary sanctions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK, P.J.

We concur:

MAXA, J.

LEE, J.

3