FILED
COURT OF APPEALS
DIVISION II

2015 JUL 28 AM 8: 27

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Matter of the Personal Restraint Petition of<br><br>JOHN ROBERT ANDERSON,<br><br>               Petitioner. | No. 46826-3-II<br><br><br><br>UNPUBLISHED OPINION |

JOHANSON, C.J. — John Anderson seeks relief from personal restraint imposed following his convictions of third degree assault (domestic violence) and tampering with a witness (domestic violence). He claims that his restraint is unlawful because his judgment and sentence includes a term of confinement combined with his term of community custody that exceeds the statutory maximum for his offense. We agree, grant the petition in part, and remand for correction of petitioner's judgment and sentence.

We do not address Anderson's claims that the sentencing court wrongly imposed domestic violence perpetrator's treatment and substance abuse treatment because Anderson filed his petition

more than one year after his judgment and sentence became final and no exception to the one-year time limit set out in RCW 10.73.100 applies.[1] We deny these claims as untimely.

In *In re Personal Restraint of Coats*, 173 Wn.2d 123, 140-41, 267 P.3d 324 (2011), our Supreme Court explained that a petitioner making a facial invalidity claim may not use that claim to raise otherwise untimely issues related to the fairness of his trial: "A claim that the judgment is not valid on its face may not be used to make an end run around the time limit and a personal restraint petition." *Id.* at 141.

A claim of facial invalidity is not, however, subject to the one-year time limit on collateral attacks. *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 351, 5 P.3d 1240 (2000). Therefore, we consider petitioner's challenge to the length of his sentence.

A term of confinement combined with a term of community custody that exceeds the statutory maximum for an offense is an illegal sentence. *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). In the context of personal restraint petitions, showing that the sentencing court imposed a sentence in excess of its statutory authority demonstrates facial invalidity. *Coats*, 173 Wn.2d at 136. It is the trial court's duty to correct such a sentence if a defendant was sentenced after RCW 9.94A.701(9) became effective on July 26, 2009. *See* Laws of 2009, ch. 375, § 5[2];

---

[1] Petitioner's judgment and sentence was final on February 23, 2013. RCW 10.73.090(3)(a). When petitioner filed his CrR 7.8 motion in superior court on September 26, 2014, more than one year had elapsed. The superior court transferred petitioner's motion to this court for consideration as a personal restraint petition.

[2] On the July 26, 2009 effective date, the relevant RCW 9.94A.701 subsection was number (8). A subsequent amendment in 2010 changed subsection (8) to subsection (9), which was the subsection number in effect when petitioner was sentenced.

No. 46826-3-II

*Boyd*, 174 Wn.2d at 473. As noted above, petitioner was sentenced in 2013 so RCW 9.94A.701(9) applies here.

The sole remedy for a sentencing error that renders a judgment and sentence facially invalid is correction of the judgment and sentence. *In re Pers. Restraint of Snively*, 180 Wn.2d 28, 30, 320 P.3d 1107 (2014). Accordingly, we grant this petition in part and remand for correction of petitioner's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

LEE, J.

SUTTON, J.

3