IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| In re the Matter of the Personal Restraint Petition of<br><br>STEWART MICHAEL RIGGS,<br><br>                  Petitioner. | No.  47141-8-II<br><br><br>UNPUBLISHED OPINION |

JOHANSON, C.J.  —  Stewart Riggs petitions for relief from confinement following his guilty plea to one count of second degree identity theft.  He claims that his restraint is unlawful because (1) his judgment and sentence is facially invalid because his sentence combined with his community custody exceeds the statutory maximum sentence, (2) his entire sentence amounts to an exceptional sentence without any aggravating sentencing factors, (3) defense counsel's failure to object to his sentence denied him his right to effective assistance of counsel, (4) the prosecutor violated the plea agreement by advocating for a sentence longer than agreed to in the plea bargain, (5) the sentencing court applied the wrong statute in imposing community custody, and (6) his plea bargain was involuntary because he agreed to only a 60-month sentence.  We grant this petition in part and deny it in part.

FACTS

Petitioner pleaded guilty to one count of second degree identity theft on October 5, 2010, and he was sentenced that same day to 54 months of confinement and 12 months of community custody. The judgment and sentence includes a written notation stating, "[N]ot to exceed the statutory maximum of 60 months." Pet. Attach. at 6.

ANALYSIS

RCW 10.73.090(1) imposes a one-year time limit for collateral attacks on a judgment and sentence:

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

A personal restraint petition is a collateral attack on a judgment and sentence. RCW 10.73.090(2). As petitioner did not appeal, his judgment and sentence became final upon sentencing. RCW 10.73.090(3). Thus, more than one year elapsed between when his judgment was final and when he filed the current petition on January 8, 2015. Petitioner may, however, assert any of the six exceptions to this time bar set out in RCW 10.73.100.[1] A petition that contains both timely and untimely claims must be dismissed as a mixed petition. *In re Pers. Restraint of Stenson*, 150 Wn.2d 207, 220, 76 P.3d 241 (2003). Even with a mixed petition, however, this court will address challenges to the facial validity of the judgment and sentence. *Stenson*, 150 Wn.2d at 221. "Because the 'valid on its face' precondition is an exception, once the one-year

---

[1] These exceptions are for (1) newly discovered evidence, (2) being convicted of a statute that is unconstitutional, (3) a conviction violating the double jeopardy clause, (4) insufficiency of the evidence, (5) a sentence imposed in excess of the court's jurisdiction, and (6) a significant change in the law.

time limit has run, a petitioner may seek relief only for the defect that renders the judgment not valid on its face (or one of the exceptions listed in RCW 10.73.100)." *In re Pers. Restraint of Adams*, 178 Wn.2d 417, 424, 309 P.3d 451 (2013).

## I. SENTENCE EXCEEDING STATUTORY MAXIMUM

Petitioner claims that his judgment and sentence is invalid on its face because his confinement and community custody combined exceed the statutory maximum sentence of 60 months. *See* RCW 9.35.020(3); RCW 9A.20.030(1)(c). We agree.

In *In re Personal Restraint of Brooks*, 166 Wn.2d 664, 675, 211 P.3d 1023 (2009), the court held that a written notation similar to that here, that the total term of confinement and community custody could not exceed the statutory maximum, was sufficient to comply with statutory requirements. But after *Brooks*, the legislature required the trial court to reduce a defendant's term of community custody to avoid a sentence in excess of the statutory maximum. RCW 9.94A.701(9); *State v. Boyd*, 174 Wn.2d 470, 472, 275 P.3d 321 (2012). Petitioner was sentenced after this legislative change and, therefore, petitioner's judgment and sentence is invalid. We remand this issue to the trial court to either amend the community custody term or resentence petitioner. *Boyd*, 174 Wn.2d at 473.

## II. EXCEPTIONAL SENTENCE

Petitioner claims that he received an exceptional sentence because the combination of his confinement and community custody exceeded the statutory maximum of 60 months. But the sentencing court imposed 54 months of confinement, which is both within the standard range and less than the statutory maximum. His claim fails.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that defense counsel's failure to challenge the length of his sentence denied him his right to effective assistance of counsel. But he fails to show how this error renders his judgment and sentence invalid on its face or any exception that allows him to raise this untimely claim and, therefore, this court cannot address this issue.

### IV. VIOLATION OF PLEA AGREEMENT

Petitioner claims that the prosecutor violated the plea agreement by recommending 54 months of confinement rather than the agreed amount of 50 months. But he fails to show how this alleged error renders his judgment and sentence invalid on its face or any exception that allows him to raise this untimely claim and, therefore, this court cannot address this issue.

### V. IMPOSITION OF COMMUNITY CUSTODY

Petitioner claims that the sentencing court relied on RCW 9.94A.728 rather than RCW 9.94A.701(3)(a) in imposing community custody. Petitioner was lawfully sentenced to community custody under RCW 9.94A.701(3)(a) and is also subject to the terms and conditions of RCW 9.94A.728 dealing with earned release. Petitioner fails to show how this alleged error renders his judgment and sentence invalid on its face or any exception that allows him to raise this untimely claim and, therefore, this court cannot address this issue.

### VI. INVOLUNTARY PLEA

Petitioner claims that his plea agreement was involuntary because his sentence exceeded the sentence he agreed to in pleading guilty. But he fails to show how this alleged error renders his judgment and sentence invalid on its face or any exception that allows him to raise this untimely claim and, therefore, this court cannot address this issue.

No. 47141-8-II

We grant this petition in part and deny it in part. The matter is remanded to the trial court to either amend the community custody term or resentence petitioner.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

MAXA, J.

SUTTON, J.