# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48144-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MARK DAVIS, | |
| Appellant. | |

BJORGEN, C.J. — Mark Davis appeals his sentence of 60 months' incarceration and 12 months' community custody for custodial assault.  He argues that his combined sentence of 72 months exceeds the statutory maximum of 60 months permitted under RCW 9A.20.021.[1]  The State concedes the error.  We accept the State's concession and vacate and remand for resentencing.

## FACTS

Davis, an inmate at the Pierce County Jail, created a disturbance and bit a corrections officer, David Shultz, who attempted to restrain him.  Following trial, a jury found him guilty of custodial assault.  Custodial assault is a class C felony that bears a maximum sentence of 5 years, RCW 9A.20.021(1)(c), and carries a mandatory 12-month term of community custody.  RCW 9.94A.701(3).  In October 2015, the court sentenced Davis to 60 months' incarceration and 12

---

[1] The statute was amended in 2015.  The amendment does not affect the issues in this case.

months' community custody with a notation that the combined time served cannot be more than the statutory maximum.

Davis appeals.

ANALYSIS

We review issues of law in the sentencing court's order de novo. *See State v. Bruch*, 182 Wn.2d 854, 859, 346 P.3d 724 (2015). Davis argues, and the State concedes, that the sentencing court erred by imposing a combined sentence that exceeded the statutory maximum. We accept the State's concession because under RCW 9.94A.701(9), the judicial sentence must facially comply with the statutory maximum.

In the past, sentencing courts could use a "*Brooks* notation" to note the statutory maximum and to give the Department of Corrections authority to adjust the sentence as necessary to ensure the actual sentence did not exceed that maximum. *In re Pers. Restraint of Brooks*, 166 Wn.2d 664, 666 211 P.3d 1023 (2009); *see also State v. Franklin*, 172 Wn.2d 831, 834–35, 839, 263 P.3d 585 (2011). RCW 9.94A.701 was amended in 2009 to require the sentencing court at the time of sentencing to impose a sentence that could not exceed the statutory maximum. RCW 9.94A.701(9) (providing that a sentence "shall be reduced *by the court* whenever an offender's [combined sentence] . . . exceeds the statutory maximum") (emphasis added).

For all crimes committed after July 26, 2009—when the pertinent amendment to RCW 9.94A.701 went into effect—a sentencing court may only impose sentences that facially comply with the statutory maximum and may not use a *Brooks* notation to ensure compliance. *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). Davis was sentenced in October 2015. Therefore, under RCW 9.94A.701(9) and *Boyd*, Davis is entitled to a sentence that complies with

the statutory maximum term at the time of sentencing. Since the sentencing court erred in imposing a combined sentence that exceeds the statutory maximum on its face, we vacate Davis's sentence and remand for resentencing.

Despite the State's concession, there is a discrepancy between the parties' requested relief: the State requests the sentence be remanded to remove the surplus one year of community custody, and Davis requests remand to reduce the term of incarceration or community custody to less than 60 months. Following *Boyd*, 174 Wn.2d at 473, we remand for the sentencing court to reduce the term of incarceration or community custody so that the combined total does not exceed 60 months.

### CONCLUSION

We accept the State's concession, vacate the trial court's sentence, and remand for imposition of a combined sentence that does not exceed 60 months.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
BJORGEN, C.J.

We concur:

_____
WORSWICK, J.

_____
JOHANSON, J.