# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In re the Matter of the<br>Personal Restraint Petition of<br><br>ROBERT GREGORY,<br><br>                    Petitioner. | No.  48739-0-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Robert Jason Gregory seeks relief from personal restraint imposed following his August 2009 guilty plea to third degree rape of a child.  The trial court sentenced him to 60 months of confinement and 36 months of community custody.  Third degree rape of a child is a class C felony, for which the maximum sentence is five years.  RCW 9A.20.021(1)(c); RCW 9A.44.079(2).  Gregory claims that his restraint is unlawful because his judgment and sentence includes a term of confinement combined with his term of community custody that exceeds the statutory maximum for his offense.  We agree, grant the petition, and remand for correction of petitioner's judgment and sentence.

A claim of facial invalidity is not subject to the one-year time limit on collateral attacks. *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 351, 5 P.3d 1240 (2000).  A term of confinement combined with a term of community custody that exceeds the statutory maximum

No. 48739-0-II

for an offense is an illegal sentence. *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). In the context of personal restraint petitions, showing that the sentencing court imposed a sentence in excess of its statutory authority demonstrates facial invalidity. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 136, 267 P.3d 324 (2011). It is the trial court's duty to correct such a sentence if a defendant was sentenced after RCW 9.94A.701(9) became effective on July 26, 2009. *See* Laws of 2009, ch. 375, § 5; *Boyd*, 174 Wn.2d at 473. As noted above, petitioner was sentenced in August 2009, so RCW 9.94A.701(9) applies here.

The remedy for a sentencing error that renders a judgment and sentence facially invalid is correction of the judgment and sentence. *In re Pers. Restraint of Snively*, 180 Wn.2d 28, 30, 320 P.3d 1107 (2014). Accordingly, we grant this petition and remand for correction of petitioner's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK, J.

We concur:

JOHANSON, J.

BJORGEN, C.J.

2