IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33167-9-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 33168-7-III) |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MICHAEL THOMAS COLLINS, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Michael Thomas Collins appeals his sentence entered after guilty pleas to forgery and second degree identity theft. He argues the trial court gave him a sentence that exceeds the statutory maximum and imposed legal financial obligations (LFOs) without making an adequate inquiry into his ability to pay. We reverse and remand for the trial court to resentence Mr. Collins consistent with this opinion.

FACTS

Mr. Collins pleaded guilty under two cause numbers to one count of forgery and one count of second degree identity theft. In exchange for the guilty pleas, the State agreed to dismiss other charges and recommend concurrent sentences.

At sentencing, which occurred a week before *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015) was decided, the court imposed 29 months of confinement for the forgery conviction, to run concurrent with 50 months of confinement and 12 months of community custody for the identity theft conviction. Clerk's Papers (CP) at 30-31, 132-33.

The court asked Mr. Collins whether he would be able to work after he was released from custody. Mr. Collins responded, "No, I have spinal problems. I have nerve problems in my legs. I've been on disability before." Report of Proceedings (RP) (February 3, 2015) at 3. When asked when he last received disability, Mr. Collins answered, "I don't know exactly, Your Honor. Maybe a year and a half, two years just before I was charged with that and I've been on medication ever since then." *Id.*

The court imposed mandatory and discretionary LFOs totaling $1,920.40. The mandatory LFOs included a $500.00 victim assessment fee and a $200.00 criminal filing fee. These mandatory LFOs are required irrespective of Mr. Collins' ability to pay. *State v. Lundy*, 176 Wn. App. 96, 103, 308 P.3d 755 (2013). The court also imposed discretionary LFOs under both cause numbers, including court costs of $461.44 and $458.96. CP at 28, 130. In both cases, it struck the $600.00 court-appointed attorney fee,

2

the $500.00 VUCSA[1] fine, and the $100.00 deoxyribonucleic acid (DNA) collection fee.

Both sentencing orders contained boilerplate language that the court had considered Mr.

Collins' present and future ability to pay. Mr. Collins did not make any objection to the

judgment and sentence.

## ANALYSIS

I.   *Sentence exceeding statutory maximum*

Mr. Collins argues, and the State concedes, that the trial court gave him a sentence

that exceeds the statutory maximum. Whether a sentence exceeds the statutory maximum

is an issue of statutory interpretation this court reviews de novo. *State v. Bruch*, 182

Wn.2d 854, 859, 346 P.3d 724 (2015).

A defendant's sentence cannot exceed the statutory maximum term for the class of

crime for which the offender was convicted. RCW 9A.20.021(1). Terms of confinement

and community custody are both included in the calculation of the statutory maximum

term, and the combination of the two cannot exceed the statutory maximum. RCW

9.94A.505(5); *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). Under RCW

9.94A.701(9), trial courts must reduce the community custody term "whenever an

offender's standard range term of confinement in combination with the term of

---

[1] Violation of the Uniform Controlled Substances Act.

community custody exceeds the statutory maximum for the crime as provided for in RCW 9A.20.021."

The statutory maximum for second degree identity theft, a class "C" felony, is 60 months. RCW 9A.20.021(1), (3); RCW 9A.20.021(c). Here, the combination of prison time (50 months) and community custody (12 months) exceeds this limitation. In preprinted language, both judgment and sentence forms provide: "The combined term of imprisonment and the term of community custody cannot exceed the statutory maximum for this offense." CP at 32, 134. This is insufficient. Under *Boyd*, the trial court is required to reduce a defendant's term of community custody to avoid a sentence in excess of the statutory maximum. *Boyd*, 174 Wn.2d at 473. We therefore remand to the trial court to resentence Mr. Collins so that the combined terms of incarceration and community custody do not exceed 60 months.

II. *Legal Financial Obligations*

For the first time on appeal, Mr. Collins contends the trial court improperly imposed LFOs without considering his financial resources or ability to pay as required by RCW 10.01.160(3). He specifically argues that a trial court's obligation under RCW 10.01.160(3) to consider a defendant's ability to pay also includes mandatory LFOs. We disagree. *See State v. Mathers*, 193 Wn. App. 913, 376 P.3d 1163 (2016).

4

The State responds that this court should decline to consider Mr. Collins' arguments for the first time on appeal, and that in any event, the trial court made a sufficient inquiry into Mr. Collins' ability to pay and adjusted the fines and fees as a result of that inquiry.

The trial court's inquiry into Mr. Collins' financial resources was limited to asking him whether he was able to work and when he last received disability. *Blazina,* which was filed shortly after the sentencing, establishes that this inquiry was insufficient. Because resentencing is required in this case, we exercise our discretion to review the alleged error, and remand with instructions to the court to conduct a full *Blazina* inquiry at resentencing into Mr. Collins's present or future ability to pay any discretionary LFOs imposed.

III. *Appellate Costs*

Finally, Mr. Collins argues that appeal costs should not be imposed and complied with our General Order dealing with such requests. Because he prevails on appeal, the issue is moot.

We reverse Mr. Collins' sentence and remand to the trial court to resentence Mr. Collins consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the

No. 33167-9-III (consol. w/ No. 33168-7-III)
*State v. Collins*

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Pennell, J.

6