IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | No.  35768-6-III |
| | ) | |
| AARON DONALD SMITH, | ) | |
| | ) | UNPUBLISHED OPINION |
| Petitioner. | ) | |
| | ) | |

SIDDOWAY, J.  — Aaron Smith has filed a personal restraint petition (PRP),

attacking his 2016 Spokane County judgment and sentence for third degree assault.

Because the imposed sentence exceeds the statutory maximum for the offense of third

degree assault, we grant relief from this sentence and remand for resentencing.

BACKGROUND

Mr. Smith pleaded guilty in April 2016 to one count of third degree assault in

Spokane County Superior Court.  The court sentenced Mr. Smith, who had an offender

score of 9+, to a low-end standard range sentence of 51 months' confinement and also

ordered 12 months of community custody.

On December 16, 2017, Mr. Smith filed a CrR 7.8 motion to amend the judgment,

asking the superior court to amend his sentence to 48 months' confinement with 12

No. 35768-6-III
*In re Pers. Restraint of Smith*

months' community custody. On December 21, 2017, the superior court transferred the

matter to this court for consideration as a PRP pursuant to CrR 7.8(c)(2).

ANALYSIS

To obtain relief in a PRP, Mr. Smith must show actual and substantial prejudice

resulting from alleged constitutional errors, or, for alleged nonconstitutional errors, a

fundamental defect that inherently results in a miscarriage of justice. *In re Pers. Restraint*

*of Cook*, 114 Wn.2d 802, 813, 792 P.2d 505 (1990). Since Mr. Smith filed this petition

more than one year after his judgment and sentence became final, it is barred as untimely

under RCW 10.73.090(1) unless the judgment and sentence is invalid on its face, the

court lacked competent jurisdiction, or the petition is based solely on one or more

exceptions set forth in RCW 10.73.100(1)-(6). Relevant to this petition, a sentence

imposed in excess of the court's statutory sentencing authority renders a judgment and

sentence facially invalid. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 135, 267 P.3d

324 (2011).

Mr. Smith contends his petition is timely because his sentence exceeds the

statutory maximum term and is therefore facially invalid. The State concedes the

timeliness of Mr. Smith's petition as well as the need for remand and resentencing.

A defendant's combined term of confinement and community custody cannot

2

No. 35768-6-III
*In re Pers. Restraint of Smith*

exceed the statutory maximum for his crime of conviction. RCW 9.94A.505(5); *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). Accordingly, RCW 9.94A.701(9) requires the sentencing court to reduce the term of community custody whenever the combination of a term of community custody and "standard range term of confinement" exceeds the statutory maximum sentence. When the sentencing court fails to act in accordance with RCW 9.94A.701(9), the remedy is remand for resentencing or amendment of the community custody term. *See Boyd*, 274 Wn.2d at 472-73.

Mr. Smith pleaded guilty to a class C felony. RCW 9A.36.031. His maximum term of confinement is therefore 5 years (60 months). RCW 9A.20.021(1)(c). The court sentenced Mr. Smith to 51 months of confinement along with 12 months of community custody. This total term of 63 months exceeds the statutory maximum by 3 months. Under RCW 9.94A.701(9), the sentencing court had a duty to reduce the term of Mr. Smith's combined sentence so that it did not exceed the statutory maximum, and its failure to do so renders Mr. Smith's judgment and sentence facially invalid.[1]

Because Mr. Smith received an illegal sentence in excess of the trial court's

---

[1] Although the court included a "*Brooks* notation" in the judgment and sentence, this is insufficient to remedy the fact that the combined sentence exceeds the maximum allowable sentence. *Boyd*, 174 Wn.2d at 473; *In re Pers. Restraint of Brooks*, 166 Wn.2d 664, 674, 211 P.3d 1023 (2009).

3

No. 35768-6-III
*In re Pers. Restraint of Smith*

sentencing authority, he has suffered actual and substantial prejudice and is therefore entitled to relief.

CONCLUSION

We vacate Mr. Smith's sentence and remand to the trial court for resentencing in accordance with RCW 9.94A.701(9).

A majority of this panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.