IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 36402-0-III |
| CHRISTOPHER BRYAN KELLEY, | ) ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

KORSMO, J. — Christopher Kelley seeks relief from personal restraint imposed for 2015 Kittitas County convictions that included 17 counts of second degree identity theft. The trial court sentenced him to 57 months of confinement and 12 months of community custody on those counts. Mr. Kelley argues, and the State concedes, that the combination of those terms exceeds the five-year statutory maximum sentence for the crime. We grant the petition and remand to reduce the term of community custody.

Mr. Kelley was convicted in a jury trial of 38 counts, including count 1 (first degree identity theft), count 2 (possession of stolen mail), count 3 (second degree possession of stolen property), counts 4-20 (unlawful possession of payment instruments), counts 21-37 (second degree identity theft), and count 38 (making or having

burglar tools—a gross misdemeanor). The court imposed concurrent sentences totaling 84 months on counts 1-20, and concurrent sentences totaling 57 months on counts 21-38. The court ran the two groups of sentences consecutive to each other as an exceptional sentence, for a total incarceration term of 141 months. The court also imposed a 12-month community custody term for count 1, and a consecutive 12-month community custody term for counts 21-37.

Mr. Kelley argues, and the State concedes, that his total sentence for counts 21-37 exceeds the statutory maximum. A sentence imposed in excess of the court's statutory sentencing authority renders a judgment and sentence facially invalid under RCW 10.73.090(1), and warrants relief in a personal restraint petition. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 135, 267 P.3d 324 (2011).

A defendant's sentence cannot exceed the statutory maximum term for the class of crime for which the offender was convicted. RCW 9A.20.021(1). Terms of confinement and community custody are both included in the calculation of the statutory maximum term, and the combination of the two cannot exceed the statutory maximum. RCW 9.94A.505(5); *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). Under RCW 9.94A.701(9), trial courts must reduce the community custody term "whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided for in RCW 9A.20.021."

The statutory maximum for second degree identity theft, a class "C" felony, is 60 months. RCW 9.35.020(3); RCW 9A.20.021(1)(c). Here, the combination of prison time (57 months) and community custody (12 months) for the second degree identity theft counts exceeds this limitation. This renders Mr. Kelley's judgment and sentence invalid on its face. Under *Boyd*, the trial court was required to reduce his community custody term for counts 21-37 to three months to avoid a sentence in excess of the statutory maximum. *Boyd*, 174 Wn.2d at 473.

We therefore grant Mr. Kelley's petition and remand to the trial court for the sole purpose of amending the community custody term for counts 21-37, consistent with RCW 9.94A.701(9).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, C.J.