IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36429-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOSE ARON MADRIGAL, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Jose Aron Madrigal pleaded guilty in Adams County

to second degree assault and communication with a minor for immoral purposes. At the

sentencing hearing, defense counsel objected to the trial court's consideration of

uncharged allegations of sexual abuse when the trial court rejected the prosecutor's

recommended middle range sentences and instead imposed the high end of the standard

range for each offense. The court also sentenced Mr. Madrigal to a term of community

custody for the communication offense that, together with the term of confinement,

exceeded the 60-month statutory maximum for the crime. The State concedes both

errors. We vacate his sentence and remand for resentencing.

FACTS AND PROCEDURE

On August 12, 2017, Mr. Madrigal attended a barbecue with family and friends at the home of M-G, who had three children: 11-year-old girl G.R., 9-year-old boy N.R, and 7-year-old girl M.R. M-G.'s husband was a childhood friend of Mr. Madrigal, and the barbecue was to celebrate the fact that Mr. Madrigal had recently returned to the area.

As the party progressed, most of the adults went to the backyard while the children were put in bed. At some point, Mr. Madrigal came inside and went into the bedroom shared by G.R. and M.R. G.R. later reported that she was awake and saw Mr. Madrigal reach toward her breast, but withdraw and leave the room when her sister moved in her sleep. She stated that he soon came back to the girls' room, pulled down her sister's blankets, and put his hand down to her sister's "'bottom area'" for several minutes. Clerk's Papers (CP) at 217. He then left the room.

M-G came into the house to check on the children. She noticed that the night light in N.R.'s bedroom was off—which was unusual—so she turned on the lights as she entered his room. She then saw Mr. Madrigal lying on the bed next to N.R. Mr. Madrigal's pants were down and he had his erect penis in his hand. His other hand was inside N.R.'s shorts. When she confronted Mr. Madrigal, he said he was just "chilling;" N.R. complained that Mr. Madrigal was hurting his privates. CP at 217. Mr. Madrigal then pulled up his pants and fled the house. N.R. later reported that Mr. Madrigal woke

2

him up and pulled on his privates. While touching him, Mr. Madrigal said, "'[W]hat you don't love me?'" CP at 217.

Pursuant to plea negotiations, the State charged Mr. Madrigal by amended information with second degree assault (intent to commit a felony) of N.R. (RCW 9A.36.021(1)(e)), and communication with a minor (N.R.) for immoral purposes (RCW 9.68A.090(2)). He entered his guilty plea on September 28, 2018.

At the sentencing hearing three weeks later, the prosecutor noted that with Mr. Madrigal's offender score of 9+, the standard range for the assault charge would be 63 to 84 months and the standard range for the communication charge would be 51 to 60 months. The prosecutor recommended a 70-month sentence for the assault conviction to run concurrently with a 60-month sentence for the communication conviction. As the prosecutor explained, the agreement between the parties reflected the evidentiary problems with this case, due to N.R.'s and M-G's sometimes conflicting statements to investigators. Additionally, the prosecutor wished to protect N.R. from further proceedings and to bring closure to the family, who approved the agreement.

The sentencing court referred to the presentence investigation report and noted that the report recommended 83 months—near the top of the range for the assault conviction—as well as 59 months for the communication conviction. As the prosecutor explained, that was the recommendation of the Department of Corrections (DOC), not the State. Defense counsel stated that he had read the presentence report and that there were

"a lot of statements or facts in there that we do not agree with."  Report of Proceedings

(RP) at 27.

In its oral ruling, the sentencing court began by stating that it had just been looking

at the presentence report and it indicated that Mr. Madrigal had admitted during a

juvenile polygraph examination interview that he had been sexually abusing victims since

the age of eight years old.[1]  The court concluded from this that he had been sexually

assaulting people for the past 26 years.  Normally, the court stated, it would agree with

joint recommendations.  But in this case, "the joint recommendation is not sufficient to—

to—for the conduct committed and for the defendant's long history of re-offending and

he's likely to re-offend in the future when he's released."  RP at 35.  The court decided to

impose the sentence recommended by the DOC in the presentence report: 83 months for

the assault conviction and 59 months for the communication conviction, to run

concurrently.  Defense counsel then clarified that he did not agree to or stipulate to the

facts in the presentence report.  The court responded, "Okay, duly noted then."  RP at 37.

Due to Mr. Madrigal's prior rape adjudication, the communication with a minor

for immoral purposes conviction was a class C felony conviction.  RCW 9.68A.090(2).

The statutory maximum for a class C felony is 60 months.  RCW 9A.20.021(1)(c).

---

[1] Apparently none of these alleged incidents of abuse resulted in charges.  The record shows only the one sexual offense: a juvenile adjudication of first degree rape of a child, committed when Mr. Madrigal was 13 or 14 years old and sexually assaulted his nine-year-old half-sister.

4

Community custody for a sex offense is 36 months. RCW 9.94A.701(1)(a). The

prosecutor explained to the court that imposing a 36-month term of community custody

along with the 59-month incarceration would exceed the statutory maximum for the

communication offense.[2] One option offered to the court was to impose only one month

of community custody. Another option was to impose the 36 months of community

custody and to add a notation to the DOC that the combined terms of incarceration and

community custody cannot exceed the statutory maximum. The court adopted the second

suggestion, imposed 36 months of community custody on the communication conviction,

and wrote the suggested notation on the judgment and sentence.

### RIGHT TO APPEAL

Usually a party may not appeal a sentence within the standard range. *See*

RCW 9.94A.585(1); *State v. Osman*, 157 Wn.2d 474, 481, 139 P.3d 334 (2006). A

defendant may appeal a standard range sentence, however, if the sentencing court failed

to comply with a statutory procedural requirement or constitutional requirements.

*Osman*, 157 Wn.2d at 481-82. Mr. Madrigal is challenging his standard range sentence,

---

[2] Community custody for a second degree assault conviction is only 18 months. RCW 9.94A.701(2). Accordingly, the court imposed 18 months of community custody for the assault. Because the statutory maximum for second degree assault, a class B felony (RCW 9A.36.021(2)(a)), is 120 months (RCW 9A.20.021(1)(b)), the 83-month term of incarceration for this conviction plus the 18 months of community custody did not exceed the statutory maximum.

5

but he argues that the trial court violated statutory requirements. Consequently, his appeal is not prohibited under RCW 9.94A.585(1).

### RELIANCE ON DISPUTED FACTS AT SENTENCING

In determining a standard range sentence, "the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." RCW 9.94A.530(2). Acknowledgement includes failing to object to information in the presentence report. RCW 9.94A.530(2). "Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point." RCW 9.94A.530(2).

Mr. Madrigal contends the sentencing court impermissibly relied on disputed facts that were in the presentence report, without holding an evidentiary hearing. The State concedes on this issue. We agree. The trial judge repeatedly referred to the presentence report at the sentencing hearing and specifically cited its information in his decision to impose the high end of the standard range for the assault conviction. Defense counsel objected that he did not agree to the truth of those facts; at that point, the court should have conducted an evidentiary hearing. Mr. Madrigal is, therefore, entitled to remand for a new sentencing hearing.

### SENTENCE EXCEEDING THE STATUTORY MAXIMUM

Under RCW 9.94A.701(9), the trial court must reduce the term of community custody whenever the term of confinement plus the term of community custody exceeds

the statutory maximum for the crime. The State correctly concedes that the trial court here erred when it imposed terms of confinement and community custody that, when combined, far exceeded the statutory maximum of second degree assault. The notation on the judgment essentially transferred the determination of the proper term of community custody to the DOC. Before RCW 9.94A.701(9) was enacted in July 2009 (formerly RCW 9.94A.701(8)), this notation, called the "*Brooks* notation,"[3] was appropriate to ensure that the defendant did not serve a combined term that exceeded the statutory maximum. *State v. Boyd*, 174 Wn.2d 470, 472, 275 P.3d 321 (2012). Mr. Madrigal, however, was sentenced after RCW 9.94A.701(9) became effective. Thus the trial court, not the DOC, is required to reduce his term of community custody to comply with RCW 9.94A.701(9). *Id.* at 473.

## CONCLUSION

We agree with the parties that the trial court erred in relying on disputed facts when it imposed a high end standard range sentence for the second degree assault conviction and in imposing a sentence that exceeded the statutory maximum for the communication with a minor for immoral purposes conviction. Consequently, we vacate Mr. Madrigal's sentence and remand for a resentencing hearing.

---

[3] *In re Pers. Restraint of Brooks*, 166 Wn.2d 664, 211 P.3d 1023 (2009).

No. 36429-1-III
*State v. Madrigal*

Vacated and remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____   _____
Siddoway, J.                                         Fearing, J.

8