IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 81593-8-I |
| MICHAEL D. MILAM | ) ) | DIVISION ONE |
| Petitioner. | ) ) ) ) | UNPUBLISHED OPINION |

ANDRUS, A.C.J. – In this personal restraint petition, Michael Milam challenges the Department of Correction's (DOC) computation of his community custody term. He contends the community custody term should be vacated because he served the entire term in prison after his Drug Offender Sentencing Alternative (DOSA)[1] sentence was revoked. Alternatively, he challenges the DOC's authority to rescind a retroactively imposed, fixed 12-month community custody term under RCW 9.94A.701(3)(a), and to reimpose a variable 9-to-18-month community custody term from his original judgment and sentence under In re Pers. Restraint of Alston, 7 Wn. App. 2d 462, 434 P.3d 1066 (2019). Milam argues Alston did not authorize the DOC to unilaterally lengthen his community custody term from 12 to 18 months.

---

[1] RCW 9.94A.660, and RCW 9.94A.662.

We reject Milam's argument that his community custody term must be vacated based on the DOC's revocation of his DOSA sentence. But because Milam has already served 50 months of a statutory maximum 60-month sentence, the maximum community custody term he can serve is 10 months and we need not reach Milam's argument that the DOC should have imposed a 12-month term under RCW 9.94A.701(3)(a). We grant in part Milam's petition only to the extent that the sentencing court must modify his judgment and sentence to set the maximum community custody term at 10 months.

## FACTS

In January 2009, Milam was convicted for second degree theft and second degree identity theft. On the identity theft charge, a class C felony and "crime[] against persons" under RCW 9.94A.411(2)(a), the trial court sentenced Milam to a prison-based DOSA of 25 months of incarceration and 25 months of community custody. His judgment and sentence stated, should Milam "fail[] to complete the Department's special drug offender sentencing alternative program or [be] administratively terminated from the program, he [] shall . . . serve the balance of the unexpired term of sentence." Pursuant to former RCW 9.94A.660(5)(e),[2] the court also imposed a 9 to 18 month term of community custody "upon failure to complete or administrative termination from DOSA program."

Milam completed his term of total confinement on September 28, 2009, and was released to serve his community custody portion of the DOSA sentence on

---

[2] A prison-based drug offender sentencing alternative shall include "[a] term of community custody pursuant to RCW 9.94A.715 of this act to be imposed upon failure to complete or administrative termination from the special drug offender sentencing alternative program." RCW 9.94A.660(5)(e) (2006).

that date. The DOC revoked Milam's DOSA sentence in November 2009 for non-compliance. Milam served the ensuing term of total confinement through March 21, 2011.

In 2009, while Milam was serving his term of incarceration, the Washington State Legislature amended the community custody statute. The new law replaced variable terms with fixed terms of 12, 18, or 36 months, depending on the crime. Alston, 7 Wn. App. 2d at 464. As amended, RCW 9.94A.701(3)(a) now requires a fixed term of 12 months of community custody for crimes against persons, as opposed to the previous variable term of 9 to 18 months. The legislature made this amendment retroactive to individuals such as Milam, who was sentenced in 2009 and still incarcerated or serving a term of community custody at the time the new law was enacted. Id. at 465. The legislature also charged the DOC with recalculating terms of community custody for individuals in its custody to bring the sentences into compliance with the law. Id. The DOC recalculated the length of Milam's community custody term, replacing his variable term with a fixed term of 12 months.

Milam began serving his 12-month community custody term after his release on March 21, 2011. In November 2012, Milam was convicted of 15 felonies and sentenced in Pierce County Superior Court to a 120-month sentence, which he served from November 2012 to March 2019. The 12-month community custody term was tolled during this period of incarceration.

In 2019, this court granted the personal restraint petition of Kenneth Alston, concluding that the retroactive application of the 2009 community custody law,

which modified Alston's community custody sentence from a range of 24 to 48 months to a fixed term of 36 months, violated the constitutional prohibition against ex post facto laws because it eliminated his opportunity to be free of custodial supervision before 36 months. Alston, 7 Wn. App. 2d at 472. Citing this decision, DOC altered Milam's community custody term to reflect the original 9 to 18 month range imposed by the sentencing court and informed Milam that his scheduled end date will be based on the 18-month time frame.

Milam filed a personal restraint petition in June 2020, requesting the vacation of his community custody term and, alternatively, arguing that the DOC lacked the authority to unilaterally change his community custody term and that he was entitled to a 12-month fixed term under RCW 9.94A.701(3)(a). He argues Alston is factually distinguishable and the amendment to the community custody law does not violate the prohibition against ex post facto laws in his case.

While this petition was pending, Milam filed a motion with the sentencing court to modify the judgment and sentence to cap his community custody term at 10 months, the balance of the statutory 60-month maximum term for his conviction. The sentencing court granted the motion and modified the judgment and sentence. But rather than state that Milam's community custody term was a maximum of 10 months, the sentencing court ordered that the term be "at least 10 months, plus all accrued early release [time] at the time of release, up to a maximum of 18 months." The DOC suggests that Milam's trial counsel proposed this language, despite the fact that it appears to conflict with the arguments Milam raises here. Notwithstanding the language of the modified judgment and sentence, the parties

- 4 -

agree that the maximum community custody term Milam can serve under the 2009 judgment and sentence is 10 months.

ANALYSIS

This court will grant a personal restraint petition if the petitioner shows that they are under restraint as defined by RAP 16.4(b) and that the restraint is unlawful under RAP 16.4(c). Alston, 7 Wn. App. 2d at 466. A petitioner who is subjected to community custody is under restraint for the purposes of RAP 16.4(b). In re Pers. Restraint of Martinez, 2 Wn. App. 2d 904, 909, 413 P.3d 1043 (2018).

Milam argues his community custody term of 9 to 18 months is unlawful because (1) DOC revoked his DOSA, he served 25 months of community custody in prison, and any other community custody term was stricken from his judgment and sentence; (2) any community custody term extending beyond the 50 months he served in prison exceeds the statutory maximum for class C felonies; and (3) the DOC unlawfully altered his community custody sentence from 12 to 18 months.

Whether a term of confinement is lawful is a question of law we review de novo. In re Pers. Restraint of Brooks, 166 Wn.2d 664, 667, 211 P.3d 1023 (2009).

First, Milam argues that "if the DOSA is revoked, then the term of community custody is [stricken]," citing In re Pers. Restraint of Schley, 191 Wn.2d 278, 281, 421 P.3d 951 (2018). Schley does not support his argument. That case addressed the due process protections to which a defendant is entitled when the DOC administratively revokes a DOSA sentence. Milam, however, is not challenging the DOSA revocation. And the language from Schley on which Milam relies is inapplicable here. In describing the DOSA statute, the court noted that under

former RCW 9.94A.662 (2009), when a defendant's DOSA is revoked, the DOSA-related portion of the community custody term is stricken. Id. Schley did not address former RCW 9.94A.662(5)(e), which required a sentencing court to impose an additional term of community custody if a DOSA revocation occurred. The additional 9-to-18-month community custody sentence was lawful under former RCW 9.9A.660(5)(e) (2006) and RCW 9.94A.701(3)(a) (2009).

Milam next argues that any additional community custody term is unlawful because he served the entirety of his 50-month DOSA sentence, which he erroneously asserts is the maximum sentence for class C felonies. As DOC correctly points out, the maximum sentence for class C felonies is not 50, but 60 months. RCW 9A.20.021(1)(c). We therefore reject this argument.

Finally, Milam argues he is entitled to a fixed community custody term of 12 months under the 2009 legislation and the DOC lacked the authority to revert his community custody sentence to the original variable term of 9 to 18 months under Alston. But it does not matter here whether Alston applies to Milam's sentence. Former RCW 9.94A.701(8) (2009) provides that "[t]he term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum." Milam has served 50 months of the 60 month statutory maximum and the longest period of community custody that may be lawfully imposed is 10 months. The sentencing court was required to reduce Milam's term of community custody to avoid a sentence in excess of the statutory maximum and erred in imposing a total term of confinement and community

custody in excess of 10 months.  <u>See</u> <u>State v. Boyd</u>, 174 Wn. 2d 470, 473, 275 P.3d 321 (2012).  Milam does not contend he is entitled to a period of community custody of less than 10 months.  For this reason, we need not reach the final issue of whether DOC's application of <u>Alston</u> to Milam's sentence was lawful.

We remand to the sentencing court to amend Milam's judgment and sentence to make it clear that his term of community custody shall be no greater than 10 months.

Andrus, A.C.J.

WE CONCUR: