IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>        v.<br><br>LAVELL DEMEATREOUS LEWIS,<br><br>               Appellant. | No. 85201-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — For the first time on appeal, Lavell Lewis argues that his virtual appearance at his resentencing from a different location than his attorney violated his constitutional right to privately confer with counsel. We decline to consider the claim as Lewis does not establish manifest constitutional error under RAP 2.5(a)(3). We therefore affirm the judgment and sentence. However, we remand to the sentencing court to strike the victim penalty assessment and the imposed term of community custody on the count of rape of a child in the third degree, because with it, the sentence exceeds the statutory maximum.

FACTS

In 2016, Lavell Lewis was found guilty by a jury of promoting commercial sexual abuse of a minor (count I), rape of a child in the third degree (count 2), and tampering with a witness (count 3). Promoting commercial sexual abuse of a minor is a "most serious offense" or "strike" offense. RCW 9.94A.030(32), (37); RCW 9.68A.101(2). At the time of sentencing for the 2016 convictions, Lewis already had prior convictions for two most serious offenses—a 2002 conviction

for robbery in the first degree and a 2011 conviction for robbery in the second degree. Pursuant to the Persistent Offender Accountability Act (POAA), Lewis's conviction for commercial sexual abuse of a minor was a third strike and mandated a sentence of life in prison. RCW 9.94A.570.

In 2019, the state legislature removed robbery in the second degree from the POAA's list of strike offenses. ENGROSSED SUBSTITUTE S.B. 5288, 66th Leg., Reg. Sess. (Wash. 2019). Thus, all persistent offenders whose current or past convictions for that crime "was used as a basis for the finding that the offender was a persistent offender" became entitled to resentencing, RCW 9.94A.647(1), including Lewis.

Lewis's resentencing hearing took place on March 10, 2023. The judge, prosecutor, and Lewis's defense counsel appeared in open court. Lewis, who was in the custody of the Department of Corrections, appeared via the Zoom videoconferencing platform. A mitigation specialist who prepared a report on behalf of Lewis also appeared virtually.

The parties agreed that the standard sentencing range for promoting commercial sexual abuse of a minor based on Lewis's offender score was 240 to 318 months.[1] The State sought a sentence within the standard range. Lewis argued that his circumstances warranted an exceptional sentence downward because of violence and trauma Lewis experienced in his youth, mental health

---

[1] The parties also agreed that Lewis's offender score resulted in a maximum sentence of 60 months for rape of a child in the third degree and a range of 33 to 43 months for tampering with a witness.

challenges, and "unusually long pretrial lockdown incarceration 'in the hole' prior to trial when the defendant proceeded pro se."

The court considered the mitigation information provided by the defense and ultimately declined to impose an exceptional sentence. The trial judge acknowledged Lewis most likely suffers from mental disorders and impacts of traumatic experiences, but that she was unable to find the requisite nexus between the mental health condition and the conduct of the defendant sufficient to support an exceptional downward deviation. Lewis was resentenced to 300 months in prison for promoting commercial sexual abuse of a child, and 60 months' and 43 months' incarceration for rape of a child in the third degree and tampering with a witness, respectively. The sentences were ordered to run concurrently. Lewis timely filed this appeal.

## DISCUSSION

### I.    Right to Counsel

Lewis appeals his new sentence, arguing for the first time on appeal that his virtual appearance from a different location than his attorney violated his constitutional right to privately confer with counsel.

RAP 2.5(a) generally precludes review of claims of errors that the appellant did not raise at the trial level. Errors of manifest constitutional dimension may be considered for the first time on review, but the appellant has the burden of "identify[ing] a constitutional error and show[ing] how the alleged error actually affected the [appellant]'s rights at trial." State v. Kirkman, 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007).

3

Lewis concedes he did not object below to appearing remotely at resentencing. Reply Br. of Appellant at 4. The only reference in his opening brief to RAP 2.5(a)(3) is in a description of State v. Anderson, 19 Wn. App. 2d 556, 497 P.3d 880 (2021). Br. of Appellant at 10 ("Division Three recently held that denial of the right to confer is manifest constitutional error, reviewable for the first time on appeal under RAP 2.5(a)(3)."). But he does not provide argument as to why the alleged error is manifest in this case under the controlling legal framework until his reply brief. We decline to consider the merits of an argument raised for the first time in a reply brief. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); State v. Orozco, 144 Wn. App. 17, 21-22, 186 P.3d 1078 (2008).

Because Lewis did not object in the trial court to appearing remotely for his resentencing hearing and fails to provide the necessary argument in his opening brief to demonstrate that the alleged error is of a constitutional magnitude and manifest, we do not consider this challenge. See State v. Holzknecht, 157 Wn. App. 754, 759-60, 238 P.3d 1233 (2010); see also RAP 2.5(a)(3).

## II.   Community Custody and Sentence Exceeding Maximum Term

The trial court imposed 36 months of community custody for both the convictions for promoting commercial sexual abuse of a minor (count 1) and rape of a child in the third degree (count 2). The statutory maximum sentence on the charge of rape of a child in the third degree is 60 months. RCW 9A.44.079(2). Both incarceration and community custody count toward the statutory minimum

sentence. State v. Boyd, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). Thus, 36 months of community custody in addition to the 60 months of incarceration imposed on count 2 exceeds the statutory maximum of 60 months. The State concedes that the community custody term of 36 months as to count 2 should be stricken. We accept the State's concession and remand for correction of the judgment and sentence.

### III.    Victim Penalty Assessment

Lewis was also ordered to pay the Victim Penalty Assessment (VPA) pursuant to RCW 7.68.035 at the time of his resentencing. The legislature has since amended the imposition of the VPA "if the court finds that the defendant, at the time of sentencing, is indigent as defined in RCW 10.01.160(3)." Despite the lack of an express finding of indigency by the trial court, the State acknowledged Lewis's indigency at the time of resentencing and, on appeal, does not dispute that Lewis is indigent. We therefore accept the State's concession that the court should strike the VPA.

We affirm the judgment and sentence but remand to strike the community custody term on count 2 and the VPA.

_____
Chung, J.

WE CONCUR:

_____          _____
Hazelrigg, A.C.J.                                              Smith, C.J.