IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON | No.  48913-9-II |
| Respondent, | |
| v. | |
| SOPHEAP CHITH, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, P.J. — Sopheap Chith appeals from his resentencing following his first appeal. He argues that (1) the sentences on four of his convictions exceed the statutory maximums for those offenses, (2) the trial court should have dismissed the possession of a stolen vehicle charge with prejudice rather than without prejudice after finding that double jeopardy barred the court from sentencing him on both his possession of a stolen vehicle and his first degree taking a motor vehicle without permission convictions, and (3) his amended judgment and sentence contains various scrivener's errors.  We accept the State's concession that the sentences on counts VIII and IX exceed the statutory maximum for those offenses.  We further hold that (1) the sentences on counts I and II also exceed the statutory maximum for those offenses, and (2) the trial court erred when it dismissed the possession of a stolen vehicle charge on double jeopardy grounds rather than vacate the conviction.  Because we remand for resentencing on other grounds, we do not address the alleged scrivener's errors.  Accordingly, we reverse the sentences on counts I, II, VIII, and IX

and remand for the trial court (1) to resentence Chith on counts I, II, VIII, and IX, (2) to vacate the possession of a stolen vehicle conviction, and (3) to correct any remaining scrivener's errors in the judgment and sentence.[1]

FACTS

I. BACKGROUND

On February 5, 2013, Chith stole a vehicle from the parking lot of a Puyallup apartment complex. *State v. Chith*, noted at 188 Wn. App. 1047, 2015 WL 4164803, at *1, *review denied*, 184 Wn.2d 1037 (2016). Mr. Chith and his girlfriend drove the car to Spanaway, where they joined two others in removing the vehicle's tires. *Chith*, 2015 WL 4164803, at *1. On his way to Spanaway, Chith assaulted his girlfriend and repeatedly fired a gun at other vehicles in the vicinity. *Chith*, 2015 WL 4164803, at *1. He also drove recklessly; ran a red light; and despite colliding with a school bus full of children, continued to drive away. *Chith*, 2015 WL 4164803, at *1.

The State charged Chith by amended information with 10 charges:

| | |
|---|---|
| Count I | Second degree assault, |
| Count II | Drive-by shooting, |
| Count III | Unlawful possession of a stolen vehicle, |
| Count IV | Second degree unlawful possession of a firearm, |
| Count V | Reckless driving, |
| Count VI | Duty in case of damage to attended vehicle or other property (hit and run), |
| Count VII | Third degree driving while in suspended or revoked status, |
| Count VIII | Violation of a court order (protection/other), |
| Count IX | First degree taking a motor vehicle without permission, and |
| Count X | Intimidating a witness. |

---

[1] Chith also asks that we decline to impose appellate costs. Because Chith is the prevailing party, the State is not entitled to appellate costs. RAP 14.2.

No. 48913-9-II

A jury convicted Chith on all counts, but the trial court dismissed count III on double jeopardy grounds.

Chith appealed his witness intimidation and drive-by shooting convictions. *Chith*, 2015 WL 4164803, at \*1. In an unpublished opinion, Division Three of this court reversed Chith's witness intimidation conviction for insufficient evidence, held that a community custody condition imposing a substance abuse condition was improper, and remanded to the trial court for resentencing. *Chith*, 2015 WL 4164803, at \*5.

## II. RESENTENCING

On remand, the trial court imposed the following sentences[2]:

> Count I, second degree assault: 84 months of confinement, a 36-month firearm sentencing enhancement, and 18 months of community custody,[3]
> Count II, drive-by shooting: 116 months of confinement and 18 months community custody;
> Count VIII, violation of a court order (protection/other): 60 months of confinement, an 18-month firearm sentencing enhancement, and 12 months of community custody; and
> Count IX, first degree taking a motor vehicle without permission: 96 months of confinement and a 36-month firearm sentencing enhancement.

The judgment and sentence also contained the following statement: "Note: combined term of confinement and community custody for any particular offense cannot exceed the statutory maximum. RCW 9.94A.701." Clerk's Papers (CP) at 65.

---

[2] The trial court also resentenced Chith on the other remaining counts, but those sentences are irrelevant to this appeal.

[3] Although the trial court set out specific terms of community custody in the judgment and sentence, it did not mark the check box next to the community custody section. We discuss this in more detail in the analysis.

3

In addition to imposing these sentences, the trial court dismissed without prejudice the possession of a stolen vehicle conviction and its accompanying firearm sentencing enhancement "on double jeopardy grounds given the conviction for [count IX, first degree taking a motor vehicle without permission and its accompanying firearm enhancement]." CP at 62. Chith appeals from his resentencing.

## ANALYSIS

### I. SENTENCES EXCEED STATUTORY MAXIMUM

Chith argues that his sentences on his second degree assault, drive-by shooting, violation of a court order, and first degree taking a motor vehicle without permission convictions exceed the statutory maximums for those convictions. The State concedes the error as to the violation of a court order and first degree taking a motor vehicle without permission sentences convictions, but it argues that there was no error as to his second degree assault and drive-by shooting convictions because the trial court did not impose any community custody on those counts. We accept the State's concession regarding the violation of a court order and first degree taking a motor vehicle without permission convictions. But we also hold that the trial court imposed community custody on the second degree assault and drive-by shooting convictions and that the sentences on these two convictions also exceed the statutory maximums for those offenses.

### A. STANDARD OF REVIEW

We review questions involving a sentencing court's authority de novo. *State v. Mann*, 146 Wn. App. 349, 357, 189 P.3d 843 (2008). The trial court may not impose a sentence of confinement and community custody that, when combined, exceeds the statutory maximum for the offense. *State v. Boyd*, 174 Wn.2d 470, 472, 275 P.3d 321 (2012); RCW 9.94A.701(9).

Remand for sentencing that complies with RCW 9.94A.701(9)[4] is required when a total sentence of confinement and community custody exceeds the statutory maximum. *Boyd*, 174 Wn.2d at 473.

### B. THE TRIAL COURT IMPOSED COMMUNITY CUSTODY ON SECOND DEGREE ASSAULT AND DRIVE-BY SHOOTING CONVICTIONS

We first address whether the trial court imposed community custody on the second degree assault and drive-by shooting convictions. We hold that it did.

The State argues that because the trial court did not mark the check box next to the community custody section, it did not impose any community custody. Although the trial court did not mark the check box next to the community custody section of the judgment and sentence, the trial court completed the information within that section stating that Chith was subject to 18 months of community custody on the second degree assault and drive-by shooting convictions and to 12 months of community custody on the violation of a court order conviction. Not only did the State request this community custody, it is *required* under RCW 9.94A.701(2)[5] and (3)(a).[6]

---

[4] RCW 9.94A.701(9) provides, "The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021."

[5] RCW 9.94A.701(2) provides, "A court *shall*, in addition to the other terms of the sentence, sentence an offender to community custody for eighteen months when the court sentences the person to the custody of the department for a violent offense that is not considered a serious violent offense." (Emphasis added.) Second degree assault and drive-by shooting are violent offenses that are not considered serious violent offenses. RCW 9.94A.030(55)(a)(viii), (xii). (The legislature amended RCW 9.94A.030 twice in 2015 and once in 2016. LAWS OF 2016, ch. 81, § 16; LAWS OF 2015, ch. 287, § 1, ch. 261, § 12. These amendments did not change the definition of violent offense. Accordingly, we cite to the current version of the statute.)

[6] RCW 9.94A.701(3) provides, "A court *shall*, in addition to the other terms of the sentence, sentence an offender to community custody for one year when the court sentences the person to the custody of the department for: (a) Any crime against persons under RCW 9.94A.411(2)."

Thus, we hold that the trial court imposed community custody on the second degree assault, drive-by shooting, and violation of a court order convictions. We next examine each of the challenged sentences in light of this holding.

## C. EXCESSIVE SENTENCES

Second degree assault, as charged here, is a class B felony. RCW 9A.36.021(1)(c), (2)(a). The statutory maximum for a class B felony conviction is 10 years. RCW 9A.20.021(1)(b).[7] The trial court sentenced Chith to 84 months of confinement, a 36-month firearm sentencing enhancement, and 18 months of community custody, for a total sentence of 138 months. Thus, this sentence exceeds the 10-year statutory maximum for this offense by 18 months.

Drive-by shooting is also a class B felony. RCW 9A.36.045(3). The trial court sentenced Chith to 116 months of confinement and 18 months of community custody, for a total sentence of 134 months. Thus, this sentence also exceeds the 10-year statutory maximum for this offense by 14 months.

Violation of a court order is a class C felony. Former RCW 26.50.110(4) (2009). The statutory maximum for a class C conviction is 5 years. RCW 9A.20.021(1)(c). The trial court sentenced Chith to 60 months of confinement, an 18-month firearm sentencing enhancement, and 12 months of community custody, for a total sentence of 90 months. Thus, this sentence exceeds the 5-year statutory maximum for this offense by 30 months.

---

(Emphasis added.) Violation of a domestic violence court order is a crime against a person. RCW 9.94A.411(2)(a).

[7] The legislature amended RCW 9A.20.021 in 2015. Because the amendment did not change the subsections relevant to this appeal, we cite to the current version of the statute. *See* LAWS OF 2015, ch. 265, § 16.

Finally, first degree taking a motor vehicle without permission is a class B felony. RCW 9A.56.070(2). The trial court sentenced Chith to 96 months of confinement and a 36-month firearm sentencing enhancement, for a total sentence of 132 months. Thus, this sentence exceeds the 10-year statutory maximum for this offense by 12 months.

Because the sentences for the second degree assault, drive-by shooting, violation of a court order, and first degree taking of a motor vehicle without permission convictions exceed their respective statutory maximums, we must remand these convictions for resentencing to comply with RCW 9.94A.701(9).[8]

## II. DISMISSAL OF POSSESSION OF STOLEN VEHICLE CHARGE

Chith next argues that the trial court erred when it dismissed the possession of a stolen vehicle charge *without* prejudice rather than with prejudice after finding that the possession of a stolen vehicle and first degree taking a motor vehicle without permission convictions resulted in double jeopardy. We agree that the trial court erred, but we hold that the proper remedy is to vacate the possession of a stolen vehicle conviction rather than to dismiss the charge.

Chith's judgment and sentence shows that the trial court found that sentencing Chith for both the first degree taking a motor vehicle without permission and the possession of a stolen

---

[8] We note that the statement in the judgment and sentence limiting the combined term of confinement to the statutory maximum is not sufficient to cure this error because under RCW 9.94A.701(9), the trial court, rather than the Department of Corrections, must ensure that the total sentence does not exceed the statutory maximum for the offense. *State v. Land*, 172 Wn. App. 593, 603, 295 P.3d 782 (2013).

vehicle convictions resulted in double jeopardy.[9] When two convictions violate the prohibition against double jeopardy, the proper remedy is to *vacate* the conviction with the lesser sentence. *State v. Womac*, 160 Wn.2d 643, 660, 160 P.3d 40 (2007) (trial court must vacate rather than dismiss convictions to avoid multiple punishments resulting in double jeopardy); *State v. Melick*, 131 Wn. App. 835, 839, 129 P.3d 816 (2006). Thus, we hold that the trial court should have vacated the conviction that carried the lesser sentence, here the possession of a stolen property conviction,[10] rather than dismiss that charge.

Accordingly, we reverse the sentences on counts I (second degree assault), II (drive-by shooting), VIII (violation of a court order), and IX (first degree taking a motor vehicle without permission) and remand for the trial court (1) to resentence Chith on those counts, (2) to vacate

---

[9] The State acknowledges that it cannot challenge the trial court's double jeopardy finding because it did not file a cross appeal. Chith does not directly challenge the trial court's double jeopardy finding or present any argument demonstrating that the double jeopardy finding was error. Thus, the trial court's double jeopardy finding is not properly challenged on appeal. RAP 10.3(a)(6). Accordingly, we do not address whether the double jeopardy finding was correct.

[10] The offender scores for both the first degree taking of a motor vehicle without permission conviction and the possession of a stolen vehicle conviction are the same. *See* former RCW 9.94A.525(20) (2011). But first degree taking of a motor vehicle without permission is a level V offense while possession of a stolen vehicle is a level II offense, so the standard sentencing range for the possession of a stolen vehicle conviction is lower than the standard range for the first degree taking of a motor vehicle without permission conviction. Former RCW 9.94A.515 (2012). Accordingly, if Chith had been sentenced on both convictions, the possession of a stolen vehicle sentence would have been the lesser sentence.

No. 48913-9-II

the possession of a stolen vehicle conviction, and (3) to correct any remaining scrivener's errors in the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, P.J.

We concur:

LEE, J.

MELNICK, J.